BRIAN T. DUNN, ESQ. (SBN #176502)
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com

LESLIE ANN BOYCE, ESQ. (SBN #171442)
THE LAW OFFICES OF LESLIE ANN BOYCE
1505 4th Street, Suite 208
Santa Monica, CA 90401-2334
Telephone: (310) 334-9044
leslieannboyce@aya.yale.edu

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DAWN THALACHER, BRIANNA AVILA,
XOCHIKETZALL BAEZ , DEONA
BRAGGS, DESIREE BORJON, JADE
BROOKFIELD, MELISSA CARILLO,
JESSICA COSTELLO, SHANICE DYER,
BRIANNA ESPINOZA, ESPERANZA
FARFAN, BRIANNA GARCIA, DESIREE
GARCIA, DESIREE FOSSETT, SANDY
GONZALEZ, KAMIESHA HAGGENS,
JASMINE IBARRA, HEATHER
JOHNSON, CACHETT LINZY,
STEPHANIE LOERA, BRENDA LOPEZ,
MAVIS MANUFEKAI, KIANDRA
MITCHELL, ALEASHA MOODY,
HEATHER MULKEY, DIANA
ONTIVEROS, HEAVEN PARKER,
ZUSSETH PENA, BRITTANY POWELL,
ANGELICA QUINONES, MYKIERA
ROWLES, KIMBERLY SALAZAR, ALINA

CASE NO:

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

DEMAND FOR JURY TRIAL

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

SAVADIAN, MARIA SORIANO, OPHELIA TIMMONS, GABRIELLA TOVAR, GRACE VELASQUEZ, AND FELICIA VILLA, individually and as class representatives,

                          Plaintiffs,

vs.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, individually, and in his official capacity; SHERIFF ALEX VILLANUEVA, individually, and in his official capacity; SHERIFF JIM MCDONNELL, individually, and in his official capacity; SHERIFF LEE BACA, individually, and in his official capacity; JORGE PADILLA, individually, and in his official capacity; TRAVIS NELSON, individually, and in his official capacity; and DOES 1 through 10, inclusive,

                          Defendants.

---

I.    **INTRODUCTION**

1.    This action concerns constitutional deprivations caused by the Los Angeles County Sheriff's Department's historical policy and practice of male correctional officers[1] routinely subjecting completely nude female inmates housed in the

---

[1] The term "correctional officers" is intended herein to encompass supervisory and non-supervisory Deputy Sheriffs Correctional Officers, Detention Officers, Custody Assistants, and other supervisory and non-supervisory Los Angeles County employees charged with overseeing, monitoring, guarding, transporting, and otherwise persoanlly interacting with female inmates incarcerated at the Century Regional Detention Facility.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

administrative segregation module of the Century Regional Detention Facility ("CRDF"), located at 11705 South Alameda Street, Lynwood California, to frequent, prolonged, intentional, unrestricted, and completely unobstructed observations of their completely nude bodies in shower facilities designated for female inmates housed in the CRDF's administrative segregation module.

2.    This long standing policy is, and has been, historically undertaken without the involved female inmates' consent and is, and has been, historically undertaken for the purpose of the involved male correctional officers' voyeuristic sexual gratification, unrelated to any legitimate penological interest.

3.    The gravamen of this action concerns the privacy rights of female inmates housed in the administrative segregation module within the CRDF, who are routinely subjected to prolonged and unobstructed cross-gender viewing in a state of complete nudity by male correctional officers. This policy, has historically and routinely occurred, and presently does occur, in shower facilities for female inmates housed in the administrative segregation module within the CRDF.

## II.    JURISDICTION AND VENUE

4.    Plaintiffs present federal claims for relief under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343.  Plaintiffs' state law claims are so related to their federal law claims that they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is appropriately conferred upon this Court by 28 U.S.C. §1367.

5.    Plaintiffs' claims arise out of acts of the Los Angeles County Sheriff's Department in the County of Los Angeles, State of California. Accordingly, venue is proper within the Central District of California.

## III.    PARTIES

### PLAINTIFFS

6.    Plaintiffs and class representatives Dawn Thalacher, Jessica Costello, Brianna Espinoza, Esperanza Farfan, Desiree Fossett, Sandy Gonzales, Heather Johnson,

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

and Heaven Parker are women who were formerly incarcerated at the Century Regional Detention Facility who were subjected to the constitutional deprivations and related official misconduct giving rise to the federal and state causes of action set forth herein.

7.     Plaintiffs and class representatives Brianna Avila, Xochiketzall Baez, Deona Braggs, Desiree Borjon, Jade Brookfield, Melissa Carillo, Shanice Dyer, Brianna Garcia, Desiree Garcia, Kamiesha Haggens, Jasmine Ibarra, Cachett Linzy, Stephanie Loera, Brenda Lopez, Mavis Manufekai, Kiandra Mitchell, Aleasha Moody, Heather Mulkey, Diana Ontiveros, Zusseth Pena, Brittany Powell, Angelica Quinones, Mykiera Rowles, Kimberly Salazar, Alina Savadian, Maria Soriano, Ophelia Timmons, Gabriella Tovar, Grace Velasquez, and Felicia Villa, as of the filing of this Complaint, remain incarcerated at the Century Regional Detention Facility, and were, and continue to be, subjected to the constitutional deprivations and related official misconduct giving rise to the federal and state causes of action set forth herein.

### DEFENDANTS

8.     Defendant County of Los Angeles (hereafter "County") is a public entity organized and existing under the laws of the State of California. The County, by and through the Los Angeles County Sheriff's Department, is sued in its own right for creating, maintaining, and otherwise facilitating a policy, practice or custom which caused Plaintiffs' injuries in violation of one or more federal constitutional guarantees, and on Plaintiffs' state law claims based on respondeat superior under California Government Code §815.2.

9.     As of the filing of this Complaint, Defendant Robert Luna is the Sheriff of Los Angeles County, and at times relevant to the events alleged herein was and is a policy maker for the LASD. He is sued in his official and individual capacities.

10.     Defendant Alex Villanueva is a former Sheriff of Los Angeles County, and at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

11.     Defendant Jim McDonnell is a former Sheriff of Los Angeles County, and

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

12. Defendant Leroy Baca is a former Sheriff of Los Angeles County, and at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

13. Defendant Jorge Padilla is, and at certain times relevant to the acts and omissions herein alleged was, a sworn Los Angeles County Deputy, holding the rank of Sergeant. At all times relevant to the acts and omissions herein alleged Defendant Padilla acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Padilla was employed at the CFDF in the capacity of a Prison Rape Elimination Act (PREA) Compliance Manager, which tasked Sergeant Padilla with ensuring compliance with the Prison Rape Elimination Act (PREA). Defendant Padilla is sued in his official and individual capacities.

14. Defendant Travis Nelson is, and at certain times relevant to the acts and omissions herein alleged was a sworn Los Angeles County Deputy, holding the rank of Deputy. At all times relevant to the acts and omissions herein alleged Defendant Nelson acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Nelson was employed in the CRDF, and was assigned to monitor inmates the administrative segregation unit within the CRDF, commonly referred to as "the hole". Defendant Nelson is sued in his official and individual capacities.

15. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one of more DOES' true names and capacities, when ascertained. Plaintiffs are informed and believe and thereon allege, that Defendants DOES 1 through 5 are responsible in some manner

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

for the damages and injuries hereinafter complained of.

16.    DOES 6 through 10 (hereinafter collectively referred to as "LASD Supervisory Defendants") were and are now responsible for the LASD jails. Among other duties, they are responsible for the training, supervision, control, assignment and discipline of both sworn and civilian personnel of the LASD and County who work in, operate, administer and manage the jails, and for the formulation, promulgation, adoption, application, administration and enforcement of the policies, rules, regulations and practices of the LASD jails, including the CRDF.

## IV.    COMMON FACTUAL ALLEGATIONS

17.    Since March of 2006, the Los Angeles County Sheriff's Department has designated the Century Regional Detention Facility ("CRDF"), located at 11705 S. Alameda Street, in Lynwood CA as an all-female jail.

18.    This action challenges the systemic and ongoing practice which concerns the cross-gender viewing of completely nude female inmates by male correctional officers in shower facilities located in the CRDF's administrative segregation module, commonly known as "the hole".

19.    The challenged practice concerns male correctional officers' acts of voyeurism in the CRDF's shower facilities, which historically and routinely involves the unobstructed viewing of the entire bodies of completely female inmates when they are taking showers in shower stalls located in or around the administrative segregation module. This systemic anc ongoing practice has become so widespread within the CRDF that there is a historically designated area adjacent to the shower stalls located in or around the administrative segregation module which is commonly referred to as the "cop shop" by both female inmates and correctional officers. The referenced "cop shop" is located adjacent to the shower stalls for inmates housed in the administrative segregation module, and allows a completely unobstructed view of the entire bodies of female inmates taking showers. From the vantage point of the "cop shop", male correctional officers, during working hours, routinely engage in frequent and prolonged unobstructed

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

viewing of the entire nude bodies of female inmates taking showers in a matter unrelated to any legitimate penological purpose. While positioned in the "cop shop", male correctional officers can easily see and make eye contact with showering female inmates, viewing them without their consent for prolonged periods of time during the entire time that they take showers without any legitimate penological purpose.

20.    Female inmates housed in the "the hole" take showers every other day. Prior to entering the shower stalls, such female inmates are typically removed from their individual cells, while clothed, by an escorting male correctional officer, and are immediately handcuffed with hands behind their back after exiting their cells. While walking to the shower facilities, said female inmates are subjected to acts of non-consensual sexual abuse, while handcuffed, committed by escorting male guards who routinely walk behind them so closely as to intentionally press their crotches against the handcuffed hands of the female inmates in a sexual manner, during which time male guards routinely and intentionally fondle the inmates' hips, buttocks, and bodies in a sexual manner while escorting them to the shower stalls.

21.    After arriving at the shower stall, the escorting male correctional officer routinely removes the female inmate's handcuffs and directs her into the shower stall, while clothed. After being placed in the shower stall, female inmates are subjected to further acts of non-consensual voyeurism as they are then within the full and unobstructed view of any additional male correctional officers present at the "cop shop". After the female inmate is placed in the shower stall, the escorting male officer, while constantly observing the entire body of the female inmate at close distance, then directs her to remove her clothes in his immediate presence and under his constant and obvious observation, and within the full and unobstructed view of any additional male correctional officers present and looking on at the "cop shop". Once she is completely nude, the escorting male officer directs the female inmate to hand him her clothes to him through a slot in the door adjacent to the shower stall.

22.    Once the shower begins, the completely nude female inmate takes a shower

in full view of the male escorting officer, and any male officers who may be present in the "cop shop". Once the shower begins, male correctional officers routinely and intentionally set the water temperature at a scalding or near-scalding level, which forces the female inmates taking showers to move hurriedly and squirm erratically to avoid the pain generated from the hot water while showering, which often results in the female inmates' breasts jiggling and wiggling demonstrably in full view of the male correctional officers in the adjacent "cop shop", which constitutes a further act of voyeurism undertaken exclusively for the sexual gratification of the male correctional officers viewing the showering female inmates.

***The CRDF's Non-compliance with the Prison Rape Elimination Act***

23.     The Prison Rape Elimination Act (PREA) of 2003 is a federal law established to address the elimination and prevention of sexual assault and rape in all correctional systems, including all federal state, and local jails and prisons, including the CRDF. Compliance with PREA is required among all Los Angeles County Jail Facilities, including the CRDF. Among other provisions, PREA states: "The facility shall implement policies and procedures that enable inmates to shower, perform bodily functions, and change clothing without nonmedical staff of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances or when such viewing is incidental to routine cell checks. Such policies and procedures shall require staff of the opposite gender to announce their presence when entering an inmate housing unit."

24.     Additionally, the PREA mandates a "zero tolerance" policy pertaining to acts categorized as "sexual abuse" against inmates in all Los Angeles County Jail Facilities, including the CRDF. Among PREA's definitions of sexual abuse, the term "voyeurism" is a specific form of sexual abuse defined by the inappropriate visual surveillance of a detainee for sexual gratification unrelated to official duties.

25.     As set forth herein, the historical and long standing policies of the Sheriff's Department, as they presently exist, and have historically existed, within the CRDF

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

constitute flagrant and willful violations of the aforementioned policies, among other policies, mandated by PREA.

**V.    CLAIMS OF CLASS REPRESENTATIVES**

*__LEAD CLASS REPRESENTATIVE - DAWN THALACHER__*

26.    As of the filing of this Complaint, Plaintiff and lead class representative, Dawn Thalcher, is no longer incarcerated at the CRDF. Ms. Thalacher was originally incarcerated at the CRDF in or around March of 2006. Since March of 2006, Ms. Thalacher has at times been incarcerated in the administrative segregation module at the CRDF on multiple occasions. Beginning on or around March of 2006, while housed in the administrative segregation module, Ms. Thalacher has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment, and described in the foregoing paragraphs of this Complaint without her consent at least 100 times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

*__CLAIMS OF ADDITIONAL CLASS REPRESENTATIVES__*

*__BRIANNA AVILA__*

27.    As of the filing of this Complaint, Plaintiff Brianna Avila is presently incarcerated at the CRDF. Ms. Avila has been incarcerated at the CRDF at times which have included, but are not limited to, May 18, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Avila has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

*__XOCHIKETZALL BAEZ__*

28.    As of the filing of this Complaint, Plaintiff Xochiketzall Baez is presently incarcerated at the CRDF. Ms. Baez has been incarcerated at the CRDF at times which have included, but are not limited to, February 3, 2024 through the date of the filing of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

this Complaint. While housed in the administrative segregation module, Ms. Baez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *DESIREE BORJON*

29.     As of the filing of this Complaint, Plaintiff Desiree Borjon is presently incarcerated at the CRDF. Desiree Borjon has been incarcerated at the CRDF at times which have included, but are not limited to, November 25, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Borjon has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *JADE BROOKFIELD*

30.     As of the filing of this Complaint, Plaintiff Jade Brookfield is presently incarcerated at the CRDF. Ms. Brookfield has been incarcerated at the CRDF at times which have included, but are not limited to, April 10, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Brookfield  has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *MELISSA CARRILLO*

31.     As of the filing of this Complaint, Plaintiff Melissa Carillo is presently incarcerated at the CRDF. Ms. Carillo  has been incarcerated at the CRDF at times which have included, but are not limited to, June 23, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Carillo has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

**THE
COCHRAN
FIRM
CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

## *JESSICA COSTELLO*

32.     As of the filing of this Complaint, Plaintiff Jessica Costello is no longer incarcerated at the CRDF. Ms. Costello was incarcerated in the CRDF's administrative segregation module at times which have included, but are not limited to, a three week period in February of 2023. While housed in the, Ms. Costello has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *SHANICE DYER*

33.     As of the filing of this Complaint, Plaintiff Shanice Dyer has been incarcerated at the CRDF at times which have included, but are not limited to, September 18, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Dyer has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

## *BRIANNA ESPINOZA*

34.     As of the filing of this Complaint, Plaintiff Brianna Espinoza is no longer incarcerated at the CRDF. Ms. Espinoza has been incarcerated at the CRDF at times which have included, but are not limited to, March 26, 2024 through February 4, 2025. While housed in the administrative segregation module, Ms. Espinoza has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *ESPERANZA FARFAN*

35.     As of the filing of this Complaint, Plaintiff Esperanza Farfan is no longer incarcerated at the CRDF. Ms. Farfan has been incarcerated at the CRDF at times which have included, but are not limited to, May 12, 2024 through September 4, 2025.  While

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1    housed in the administrative segregation module, Ms. Farfan has experienced, and been

2    subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment

3    described in the foregoing paragraphs of this Complaint without her consent multiple

4    times. Known male correctional officers who have committed these acts include Sergeant

5    Jorge Padilla and Deputy Travis Nelson.

6    **_DESIREE FOSSETT_**

7        36.    As of the filing of this Complaint, Plaintiff Desiree Fossett is no longer

8    incarcerated at the CRDF. Ms. Fossett has been incarcerated at the CRDF at times which

9    have included, but are not limited to, July 17, 2024 through September 24, 2025. While

10   housed in the administrative segregation module, Ms. Fossett has experienced, and been

11   subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment

12   described in the foregoing paragraphs of this Complaint without her consent multiple

13   times. Known male correctional officers who have committed these acts include Sergeant

14   Jorge Padilla and Deputy Travis Nelson.

15   **_BRIANNA GARCIA_**

16       37.    As of the filing of this Complaint, Plaintiff Brianna Garcia is presently

17   incarcerated at the CRDF. Ms. Garcia has been incarcerated at the CRDF at times which

18   have included, but are not limited to, June 3, 2021 through the date of the filing of this

19   Complaint. While housed in the administrative segregation module, Ms. Garcia has

20   experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse,

21   and sexual harassment described in the foregoing paragraphs of this Complaint without

22   her consent multiple times.

23   **_DESIREE GARCIA_**

24       38.    As of the filing of this Complaint, Plaintiff Desiree Garcia is presently

25   incarcerated at the CRDF. Ms. Garcia has been incarcerated at the CRDF at times which

26   have included, but are not limited to, July 9, 2024 through the date of the filing of this

27   Complaint. While housed in the administrative segregation module, Ms. Garcia has

28   experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse,

1  and sexual harassment described in the foregoing paragraphs of this Complaint without

2  her consent multiple times. Known male correctional officers who have committed these

3  acts include Deputy Travis Nelson.

4  ***SANDY GONZALEZ***

5      39.    As of the filing of this Complaint, Plaintiff Sandy Gonzalez is no longer

6  incarcerated at the CRDF. Ms. Gonzalez has been incarcerated at the CRDF at times

7  which have included, but are not limited to, May 8, 2025 through October 23, 2025.

8  While housed in the administrative segregation module, Ms. Gonzalez has experienced,

9  and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual

10 harassment described in the foregoing paragraphs of this Complaint without her consent

11 multiple times.

12 ***KAMIESHA HAGGENS***

13     40.    As of the filing of this Complaint, Plaintiff Kamiesha Haggens is presently

14 incarcerated at the CRDF. Ms. Haggens has been incarcerated at the CRDF at times

15 which have included, but are not limited to, September 21, 2021 through the date of the

16 filing of this Complaint. While housed in the administrative segregation module, Ms.

17 Haggens has experienced, and been subjected to, the voyeurism, increased punishment,

18 sexual abuse, and sexual harassment described in the foregoing paragraphs of this

19 Complaint without her consent multiple times. Known male correctional officers who

20 have committed these acts include Deputy Travis Nelson.

21 ***JASMINE IBARRA***

22     41.    As of the filing of this Complaint, Plaintiff Jasmine Ibarra is presently

23 incarcerated at the CRDF. Ms. Ibarra has been incarcerated at the CRDF at times which

24 have included, but are not limited to, July 2, 2025 through the date of the filing of this

25 Complaint. While housed in the administrative segregation module, Ms. Ibarra has

26 experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse,

27 and sexual harassment described in the foregoing paragraphs of this Complaint without

28 her consent multiple times.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*HEATHER JOHNSON*

42.    As of the filing of this Complaint, Plaintiff Heather Johnson is presently incarcerated at the CRDF. Ms. Johnson has been incarcerated at the CRDF at times which have included, but are not limited to, April 2, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Johnson has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*CACHETT LINZY*

43.    As of the filing of this Complaint, Plaintiff Cachett Linzy is presently incarcerated at the CRDF. Ms. Linzy has been incarcerated at the CRDF at times which have included, but are not limited to, April 4, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Linzy has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*STEPHANIE LOERA*

44.    As of the filing of this Complaint, Plaintiff Stephanie Loera is presently incarcerated at the CRDF. Ms. Loera has been incarcerated at the CRDF at times which have included, but are not limited to, November 8, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Loera has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*BRENDA LOPEZ*

45.    As of the filing of this Complaint, Plaintiff Brenda Lopez is presently incarcerated at the CRDF. Ms. Lopez has been incarcerated at the CRDF at times which have included, but are not limited to, April 17, 2024 through the date of the filing of this

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Complaint. While housed in the administrative segregation module, Ms. Lopez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

**MAVIS MANUFEKAI**

46.    As of the filing of this Complaint, Plaintiff Mavis Manufekai is presently incarcerated at the CRDF. Ms. Manufekai has been incarcerated at the CRDF at times which have included, but are not limited to, October 31, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Manufekai has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

**KIANDRA MITCHELL**

47.    As of the filing of this Complaint, Plaintiff Kiandra Mitchell is presently incarcerated at the CRDF. Ms. Mitchell has been incarcerated at the CRDF at times which have included, but are not limited to, February 24, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Mitchell has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

**ALEASHA MOODY**

48.    As of the filing of this Complaint, Plaintiff Aleasha Moody is presently incarcerated at the CRDF. Ms. Moody has been incarcerated at the CRDF at times which have included, but are not limited to, October 23, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Moody has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*HEATHER MULKEY*

49.    As of the filing of this Complaint, Plaintiff Heather Mulkey is presently incarcerated at the CRDF. Ms. Mulkey has been incarcerated at the CRDF at times which have included, but are not limited to, November 17, 2022 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Mulkey has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*DIANA ONTIVEROS*

50.    As of the filing of this Complaint, Plaintiff Diana Ontiveros is presently incarcerated at the CRDF. Ms. Ontiveros has been incarcerated at the CRDF at times which have included, but are not limited to, June 30, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Ontiveros has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*HEAVEN PARKER*

51.    As of the filing of this Complaint, Plaintiff Heaven Parker is no longer incarcerated at the CRDF. Ms. Parker has been incarcerated at the CRDF at times which have included, but are not limited to, June 20, 2024 through July 16, 2025. While housed in the administrative segregation module, Ms. Parker has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*ZUSSETH PENA*

52.    As of the filing of this Complaint, Plaintiff Zusseth Pena is presently incarcerated at the CRDF. Ms. Pena has been incarcerated at the CRDF at times which have included, but are not limited to, August 30, 2023 through the date of the filing of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

this Complaint. While housed in the administrative segregation module, Ms. Pena has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

***BRITTANY POWELL***

53.    As of the filing of this Complaint, Plaintiff Brittany Powell is presently incarcerated at the CRDF. Ms. Powell has been incarcerated at the CRDF at times which have included, but are not limited to, February 22, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Powell has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

***ANGELICA QUINONES***

54.    As of the filing of this Complaint, Plaintiff Angelica Quinones is presently incarcerated at the CRDF. Ms. Quinones has been incarcerated at the CRDF at times which have included, but are not limited to, July 26, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Quinones has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

***MYKIERA ROWLES***

55.    As of the filing of this Complaint, Plaintiff Mykiera Rowles is presently incarcerated at the CRDF. Ms. Rowles has been incarcerated at the CRDF at times which have included, but are not limited to, April 25, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Rowles has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

her consent multiple times. Known male correctional officers who have committed these
acts include Defendant Travis Nelson.

### KIMBERLY SALAZAR

56.     As of the filing of this Complaint, Plaintiff Kimberly Salazar is presently
incarcerated at the CRDF. Ms. Salazar has been incarcerated at the CRDF at times which
have included, but are not limited to, December 7, 2022 through the date of the filing of
this Complaint. While housed in the administrative segregation module, Ms. Salazar has
experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse,
and sexual harassment described in the foregoing paragraphs of this Complaint without
her consent multiple times. Known male correctional officers who have committed these
acts include Defendant Travis Nelson.

### ALINA SAVADIAN

57.     As of the filing of this Complaint, Plaintiff Alina Savadian is presently
incarcerated at the CRDF. Ms. Savadian has been incarcerated at the CRDF at times
which have included, but are not limited to, January 1, 2024 through the date of the filing
of this Complaint. While housed in the administrative segregation module, Ms. Savadian
has experienced, and been subjected to, the voyeurism, increased punishment, sexual
abuse, and sexual harassment described in the foregoing paragraphs of this Complaint
without her consent multiple times. Known male correctional officers who have
committed these acts include Deputy Travis Nelson.

### MARIA SORIANO

58.     As of the filing of this Complaint, Plaintiff Maria Soriano is presently
incarcerated at the CRDF. Ms. Soriano has been incarcerated at the CRDF at times which
have included, but are not limited to, July 30, 2024 through the date of the filing of this
Complaint. While housed in the administrative segregation module, Ms. Soriano has
experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse,
and sexual harassment described in the foregoing paragraphs of this Complaint without
her consent multiple times.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*OPHELIA TIMMONS*

59.    As of the filing of this Complaint, Plaintiff Ophelia Timmons is presently incarcerated at the CRDF. Ms. Timmons has been incarcerated at the CRDF at times which have included, but are not limited to, February 25, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Timmons has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

*GABRIELLA TOVAR*

60.    As of the filing of this Complaint, Plaintiff Gabriella Tovar is presently incarcerated at the CRDF. Ms. Tovar has been incarcerated at the CRDF at times which have included, but are not limited to, June 22, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Tovar has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

*GRACE VELASQUEZ*

61.    As of the filing of this Complaint, Plaintiff Grace Velasquez is presently incarcerated at the CRDF. Ms. Velazquez has been incarcerated at the CRDF at times which have included, but are not limited to, January 25, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Velasquez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*FELICIA VILLA*

62.    As of the filing of this Complaint, Plaintiff Felicia Villa is no longer incarcerated at the CRDF. Ms. Villa has been incarcerated at the CRDF at times which have included, but are not limited to, March 28, 2025 through October 6, 2025. While housed in the administrative segregation module, Ms. Villa has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## VI.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

63.    As of the date of the filing of this Complaint, Plaintiff Angelica Quinones has filed at least two administrative grievances based on the constitutional deprivations set forth herein. As a result of filing grievances, Ms. Quinones has been subjected to acts of retaliation which have included, but are not limited to, punitive placement in the CRDF's administrative segregation module, and punitive placement in the CRDF's "high power" module.  As to both of Ms. Quinones's grievances, no action was taken by the CRDF within 30 days of the filing of each such grievance. As such, Ms. Quinones has satisfied her obligation to exhaust available remedies because the CRDF has rendered the complaint process unavailable by ignoring her complaints.

64.    As of the date of the filing of this Complaint, Plaintiff Grace Velasquez has filed two administrative grievances based on the constitutional deprivations set forth herein. On each occasion, Ms. Velasquez was specifically told by Defendant Sergeant Jorge Padilla, when he was acting in his capacity as a PREA coordinator within the CRDF, that no action would be taken on any complaint that she may ever file. On one such occasion, Defendant Padilla, while acting in his capacity as a PREA coordinator within the CRDF, specifically told Ms. Velazquez, "I'm going to back up my deputies 100%" and "Your complaint doesn't matter." As to both of Ms. Velasquez's grievances, no action was taken by the CRDF within 30 days of the filing of each such grievance. As such, Ms. Velasquez has satisfied her obligation to exhaust available remedies because

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

the CRDF has rendered the complaint process unavailable by ignoring her complaints.

65.     As of the date of the filing of this complaint, Plaintiff Shanice Dyer has filed five administrative grievances  based on the constitutional deprivations set forth herein. No action was been taken by the CRDF within 30 days of the filing of any of Ms. Dyer's five grievances, nor has Ms. Dyer been told that any action would be taken as to any of her five grievances. As such, Ms. Dyer has satisfied her obligation to exhaust available remedies because the CRDF has rendered the complaint process unavailable by ignoring her complaints.

66.     As of the date of the filing of this complaint, Plaintiff Briana Avila has filed at least one grievance based on the constitutional deprivations set forth herein. No action was been taken by the CRDF within 30 days of the filing of Ms. Avila's grievance, nor has Ms. Avila been told that any action would be taken as to her grievance. As such, Ms. Avila  has satisfied her obligation to exhaust available remedies because the CRDF has rendered the complaint process unavailable by ignoring her complaints.

67.     Prior to the filing of this complaint, counsel for all Plaintiffs has filed administrative grievances on behalf of all class representatives named herein, and has requested to be updated on the status of all administrative grievances filed by Plaintiff's counsel on behalf of all class representatives.

68.     By and through Plaintiff's counsel, all Plaintiffs herein have filed government tort claims for any and all state law claims set forth herein pursuant to Government Code § 910 et seq.

## VII.   RULE 23 PREREQUISITES

### 1.     Numerosity

69.     In accordance with F.R.Civ. P. Rule 23(a), the members of the class are so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereon allege, that there at least 30-50 inmates per day housed in the CRCD's administrative segregation module, who are subjected to cross gender viewing by male correctional officers while

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

taking showers, which routinely occur every other day within the CRCD's administrative

segregation module. Accordingly, the class period, which may include Plaintiffs

asserting constitutional deprivations and related state law claims occurring as early as

2006 with respect to certain causes of action, may include over one thousand Plaintiffs.

**2.    Common Issues of Law**

70.    In accordance with F.R. Civ. P. Rule 23(a), there are questions of law and

fact common to the class. In the Ninth Circuit, "[i]t is clearly established that the

Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of

privacy ... the naked body.' " *Hydrick v. Hunter,* 500 F.3d 978, 1000 (9th Cir. 2007). The

Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure[ ]

from [the] view of strangers, and particularly strangers of the opposite sex, is impelled

by elementary self-respect and personal dignity." *York v. Story,* 324 F.2d 450, 455 (9th

Cir. 1963). Accordingly, common questions of law may include, but may not limited to,

the following: (1) Whether the LASD's historical policy involving male correctional

officers routinely engaging in the practice of prolonged and unobstructed viewing

completely nude female inmates taking showers in the CRDF's administrative

segregation modules is constitutionally permissible under the Fourteenth Amendment;

(2) Whether the LASD's historical policy involving male correctional officers routinely

transporting handcuffed female inmates in the CRDF's administrative segregation

module to shower facilities where they are forced to disrobe to a state of complete nudity

in the immediate and unobstructed presence of the escorting male correctional officers is

constitutionally permissible under the Fourteenth Amendment; and (3) Whether any

individual Defendant is entitled to qualified immunity, among other common questions

of law.

**3.    Common Issues of Fact**

71.    In accordance with F.R. Civ. P. Rule 23(a) common questions of fact

include, but are not limited to, the following: (1) Whether there is a legitimate

nonpunitive governmental objective for the LASD's historical policy and practice

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

involving male correctional officers routinely engaging in the practice of prolonged and unobstructed viewing completely nude female inmates taking showers in the CRDF's administrative segregation module; (2) Whether the manner in which the CRDF's male correctional officers have historically and routinely transported, viewed, and/or conducted showers for female inmates housed in the CRDF's administrative segregation module amounts to increased harm and/or punishment that exceeds, or is independent of, the inherent discomforts of confinement; (3) To the extent that class members are deemed to have been convicted prisoner(s) at any relevant time, whether the manner in which the CRDF's male correctional officers have historically and routinely transported, viewed, and/or conducted showers for the involved female inmates constitutes cruel and unusual punishment in violation of the Eighth Amendment; and, (4) Whether the manner in which class members have been forced to disrobe in the immediate presence of male correctional officers constitutes a constitutionally impermissible cross-gender strip search in violation of the Fourth Amendment, among other common questions of fact

**4.    Typicality**

72.    In accordance with F.R. Civ. P. Rule 23(a), the claims of the representative Plaintiffs are typical of the class. All Plaintiffs are and have been in LASD custody, and housed within the administrative segregation module of the CRDF when they were subjected to the constitutional deprivations while taking showers, and being transported to and from shower facilities as set forth herein.

73.    Thus, Plaintiffs have the same interests and have suffered the same type of damages as all class members. Plaintiffs' claims are based upon the same or similar legal theories as the claims of all class members. Each class member suffered actual damages as a result of being subjected to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers and being transported to and from showers when housed in the CRDF's administrative segregation module. The actual damages suffered by Plaintiffs are similar in type and amount to the actual damages suffered by each class member.

74.     In accordance with F.R. Civ. P. Rule 23(a), the representative Plaintiffs, which, as of the filing of this Complaint, include 38 (thirty-eight) former and current female pretrial detainees who have been housed in the CRDF's administrative segregation module, each of whom has experienced and been subjected to all of the constitutional deprivations set forth in the foregoing paragraphs of this Complaint, will fairly and adequately protect the interests of the class, and the interests of the representative Plaintiffs are consistent with, and not antagonistic to, the interests of the class.

**4.     Maintenance and Superiority**

75.     In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class, and would create a risk of establishing incompatible standards of conduct for the parties opposing the class.

76.     In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

77.     In accordance with Fed.R.Civ.P. Rule 23(b)(2), Plaintiffs are informed and believe, and thereon allege that Defendants have acted on grounds generally applicable to the class.

78.     In accordance with Fed.R.Civ.P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereon allege, that the interests of class members in individually controlling the prosecution of a separate action is low in that most class members would be unable to individually prosecute any action at all. Plaintiffs are

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

informed and believe, and thereon allege that the amounts at stake for individuals are such that separate suits would be impracticable in that most members of the class will not be able to find counsel to represent them. Plaintiffs are informed and believe, and thereon allege, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location, i.e., the County of Los Angeles. It will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than in multiple courts.

79.    Plaintiffs do not know the identities of all class members. Plaintiffs are informed and believe, and thereon allege, that the identities of the class members are readily ascertainable from LASD records, in particular the LASD Automated Justice Information System ("AJIS) database used to track and identify LASD inmates. Plaintiffs are informed and believe, and thereon allege, that AJIS reflects the identities, including addresses and telephone numbers, of the persons who have been held in custody by LASD; when inmates were arrested and booked, taken to court, returned from court; why inmates were released; and when inmates were released.

80.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the class. The class action will be manageable because so many different records systems exist from which to ascertain the members of the class. Liability can be determined on a class-wide basis. Damages can be determined on a class-wide basis using a damages matrix set by a trier of fact, or by trying the damages of a statistically valid sample of the class to a trier of fact  and extrapolating those damages to the class as a whole.

81.    In accordance with Fed.R.Civ.P. Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiffs are informed and believe that LASD computer records contain a last known address for class members. Plaintiffs contemplate that individual notice be given to class members at such

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

last known address by first class mail. Plaintiffs contemplate that the notice inform class

members of the following:

A.   The pendency of the class action, and the issues common to the class;

B.   The nature of the action;

C.   Their right to 'opt out' of the action within a given time, in which event they

will not be bound by a decision rendered in the class action;

D.   Their right, if they do not 'opt out,' to be represented by their own counsel

and enter an appearance in the case; otherwise, they will be represented by

the named Plaintiffs and their counsel; and

E.   Their right, if they do not 'opt out,' to share in any recovery in favor of the

class, and conversely to be bound by any judgment on the

common issues, adverse to the class.

## VIII.  CLAIMS AND CAUSES OF ACTION

### COUNT ONE – 42 U.S.C. §1983

### [FOURTEENTH AMENDMENT]

### (Against All Defendants)

82.   Plaintiffs restate and incorporate by reference each of the foregoing and

ensuing paragraphs as if each paragraph is fully set forth herein.

83.   In the Ninth Circuit, "[i]t is clearly established that the Fourteenth

Amendment protects a sphere of privacy, and the most 'basic subject of privacy ... the

naked body.' " *Hydrick v. Hunter,* 500 F.3d 978, 1000 (9th Cir. 2007). The Ninth Circuit

has long recognized that "[t]he desire to shield one's unclothed figure[ ] from [the] view

of strangers, and particularly strangers of the opposite sex, is impelled by elementary

self-respect and personal dignity." *York v. Story,* 324 F.2d 450, 455 (9th Cir. 1963).

84.   In subjecting Plaintiffs and class members who are pretrial detainees to the

prolonged, intentional, unrestricted, and completely unobstructed observations of their

completely nude bodies in shower facilities for female inmates housed in the CRDF's

administrative segregation module, Defendants, and each of them, have violated, and

continue to violate, Plaintiffs' and class members' rights to bodily privacy, and Plaintiffs' and class members' rights to be free from violations of their bodily integrity as guaranteed by the Fourteenth Amendment to the United States Constitution. Additionally, in subjecting Plaintiffs and class members to improper punishment and harm that significantly exceeds, and is independent of, the inherent discomforts of confinement, Defendants, and each of them, have subjected, and continue to subject, Plaintiffs and class members to improper punishment in violation of the Fourteenth Amendment to the United States Constitution to 42 U.S.C. §1983. Additionally, in subjecting Plaintiffs and class members to unreasonable force when transporting them to and from shower stalls alleged herein, Defendants, and each of them, have violated Plaintiffs' and class members' rights to be free from violations of their bodily integrity as guaranteed by the Fourteenth Amendment to the United States Constitution.

85.    The aforementioned acts of Defendants have proximately caused, and continue to proximately cause, Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial.

86.    As of the date of the filing of this Complaint, Plaintiffs Brianna Avila, Xochiketzall Baez, Deona Braggs, Desiree Borjon, Jade Brookfield, Melissa Carillo, Shanice Dyer, Brianna Garcia, Desiree Garcia, Kamiesha Haggens, Jasmine Ibarra, Heather Johnson, Cachett Linzy, Stephanie Loera, Brenda Lopez, Mavis Manufekai, Kiandra Mitchell, Aleasha Moody, Heather Mulkey, Diana Ontiveros, Zusseth Pena, Brittany Powell, Angelica Quinones, Mykiera Rowles, Kimberly Salazar, Alina Savadian, Maria Soriano, Ophelia Timmons, Gabriella Tovar, Grace Velasquez, and Felicia Villa remain incarcerated at the Century Regional Detention Facility. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers if they are or remain housed in the CRDF's administrative segregation module, these Plaintiffs and class members will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

## COUNT TWO – 42 U.S.C. §1983

## [EQUAL PROTECTION]

### (Against All Defendants)

87.    Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs as if each paragraph is fully set forth herein.

88.    Plaintiffs are informed and believe, and thereon allege, that similarly situated male inmates in Los Angeles County Jails have not and are not subjected to the same type and manner of cross-gender observations of their completely nude bodies in shower facilities that female inmates housed in the CRDF's administrative segregation module are subjected to, as described herein, thereby depriving the female class members of the protections afforded by provisions of the 14th Amendment Equal Protection guarantees. Therefore, the female Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

89.    The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers in the CRDF's administrative segregation module, these Plaintiffs will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

## COUNT THREE – 42 U.S.C. §1983 [

## EIGHTH AMENDMENT]

### (Against All Defendants)

90.    Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs as if each paragraph is fully set forth herein.

91.    Plaintiffs are informed and believe some class members may be convicted prisoners at certain times relevant to the acts and omissions herein alleged. In subjecting any Plaintiffs who may fall within the status of convicted prisoners housed in the

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

CRCD's administrative segregation module to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers, and while being transported to and from shower facilities, such Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983 for violations of the Eighth Amendment's protections against cruel and unusual punishment.

92.    The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers if they are or remain housed in the CRDF's administrative segregation module, these Plaintiffs will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the class members they represent, request damages against each defendant as follows:

1.    General and special damages according to proof;

2.    Temporary, preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in the unlawful practices complained of herein;

3.    As against the individual Defendants only, punitive damages according to proof;

4.    In addition to actual damages, statutory damages and treble damages as allowed by law;

5.    Attorneys' fees and costs under 42 U.S.C. §1988 and other applicable state or federal statutory provisions;

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

6.      The costs of this suit and such other relief as is just and proper.

DATED: October 27, 2025               Respectfully submitted,

**THE COCHRAN FIRM - CALIFORNIA**

/s/ *Brian T. Dunn*
BRIAN T. DUNN
Attorneys for ALL PLAINTIFFS

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves individually and on behalf of the class, hereby demand a jury trial.

DATED: October 27, 2025               Respectfully submitted,

**THE COCHRAN FIRM - CALIFORNIA**

/s/ *Brian T. Dunn*
BRIAN T. DUNN
Attorneys for ALL PLAINTIFFS

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205