BRIAN T. DUNN, ESQ. (SBN #176502)
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com

LESLIE ANN BOYCE, ESQ. (SBN #171442)
THE LAW OFFICES OF LESLIE ANN BOYCE
1505 4th Street, Suite 208
Santa Monica, CA 90401-2334
Telephone: (310) 334-9044
leslieannboyce@aya.yale.edu

Attorneys for Plaintiffs

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN THALACHER, BRIANNA AVILA, XOCHIKETZALL BAEZ , DEONA BRAGGS, DESIREE BORJON, JADE BROOKFIELD, MELISSA CARILLO, JENNAH CHLACH, JESSICA COSTELLO, JULISSA DIAZ, MARIA DIAZ, SHANICE DYER, BRIANNA ESPINOZA, VALERIA ESQUIVEL, ESPERANZA FARFAN, DESIREE FOSSETT, RAVEN GALOIA, BRIANNA GARCIA, DESIREE GARCIA, SANDY GONZALEZ, KAMIESHA HAGGENS, JASMINE IBARRA, ASHLEY JENKINS, HEATHER JOHNSON, CACHETT LINZY, STEPHANIE LOERA, BRENDA LOPEZ, MAVIS MANUFEKAI, ELSA MARTINEZ, KIANDRA MITCHELL, ALEASHA MOODY, GLORIA MORALES, HEATHER MULKEY, WENDY OLVERA, DIANA | CASE NO**:** 2:25-cv-10318-SVW-SK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><u>DEMAND FOR JURY TRIAL</u> |

ONTIVEROS, HEAVEN PARKER, ZUSSETH PENA, BRITTANY POWELL, ANGELICA QUINONES, MELINDA QUIROZ, JESICA RIOS, MYKIERA ROWLES, CELENA RUIZ, KIMBERLY SALAZAR, ALINA SAVADIAN, RUDIE SIERRA, MARIA SORIANO, OPHELIA TIMMONS, GABRIELLA TOVAR, GRACE VELASQUEZ, VIRGINIA VELOZ, CLAUDIA VALENCIA, FELICIA VILLA, AND CHARLOTTE WHERRY, individually and as class representatives,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, individually, and in his official capacity; SHERIFF ALEX VILLANUEVA, individually, and in his official capacity; SHERIFF JIM MCDONNELL, individually, and in his official capacity; SHERIFF LEE BACA, individually, and in his official capacity; JORGE PADILLA, individually, and in his official capacity; TRAVIS NELSON, individually, and in his official capacity; DEPUTY JONES, individually, and in his official capacity; CESAR RIVAS JR., individually, and in his official capacity, and DOES 1 through 10, inclusive,

Defendants.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

2

## I.   INTRODUCTION

1.   This action concerns constitutional deprivations caused by the Los Angeles County Sheriff's Department's historical policy and practice of male correctional officers[1] routinely subjecting completely nude female inmates housed in the general population, high power module, and administrative segregation module of the  Century Regional Detention Facility ("CRDF"), located at 11705 South Alameda Street, Lynwood California, to frequent, prolonged, intentional, unrestricted, and completely unobstructed observations of their completely nude bodies in shower facilities designated for female inmates housed in the CRDF's general population, high power module, and administrative segregation module.

2.   This long standing policy is, and has been, historically undertaken without the involved female inmates' consent and is, and has been, historically undertaken for the purpose of the involved male correctional officers' voyeuristic sexual gratification, unrelated to any legitimate penological interest.

3.   The gravamen of this action concerns the privacy rights of female inmates housed in the general population, high power module, and administrative segregation module within the CRDF, who are routinely subjected to prolonged and unobstructed cross-gender viewing in a state of complete nudity by male correctional officers. This policy, has historically and routinely occurred, and presently does occur, in shower facilities for female inmates housed in the general population, high power module, and administrative segregation module within the CRDF.

## II.   THE CHALLENGED PRACTICES

4.   Among other remedies, this action will seek the following forms of

---

[1] The term "correctional officers" is intended herein to encompass supervisory and non-supervisory Deputy Sheriffs Correctional Officers, Detention Officers, Custody Assistants, and other supervisory and non-supervisory Los Angeles County employees charged with overseeing, monitoring, guarding, transporting, and otherwise persoanlly interacting with female inmates incarcerated at the Century Regional Detention Facility.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

injunctive relief:

1.  A permanent injunction to enforce the provisions of California Penal Code Section 2644(b)[2] at the CRDF, and prohibit the practice of male correctional officers' viewing of the nude and/or undressed bodies female inmates within the CRDF's shower facilities, unless a female inmate within the CRDF's shower facilities presents an objectively reasonable risk of immediate harm to herself or others, or if there is an immediate medical emergency in the area; and,

2.  A permanent injunction prohibiting the practice of male correctional officers' transportation of female inmates housed at the CRDF to and from shower facilities within the CRDF.

## III.  JURISDICTION AND VENUE

5.  Plaintiffs present federal claims for relief under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343. Plaintiffs' state law claims are so related to their federal law claims that they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is appropriately conferred upon this Court by 28 U.S.C. §1367.

6.  Plaintiffs' claims arise out of acts of the Los Angeles County Sheriff's Department in the County of Los Angeles, State of California. Accordingly, venue is proper within the Central District of California.

/ / /

---

[2] California Penal Code § 2644(b) states: "A male correctional officer shall not enter into an area of the institution where female inmates may be in a state of undress, or be in an area where they can view female inmates in a state of undress, including, but not limited to, restrooms, shower areas, or medical treatment areas, unless an inmate in the area presents a risk of immediate harm to herself or others or if there is a medical emergency in the area. A male correctional officer shall not enter into an area prohibited under this subdivision if there is a female correctional officer who can resolve the situation in a safe and timely manner without his assistance. To prevent incidental viewing, staff of the opposite sex shall announce their presence when entering a housing unit." Cal. Penal Code § 2644(b).

4

## III.    PARTIES

### *PLAINTIFFS*

7.    Plaintiffs and class representatives Dawn Thalacher, Brianna Avila, Xochiketzall Baez, Desiree Borjon, Jessica Costello, Maria Diaz, Brianna Espinoza, Esperanza Farfan (aka "Melissa Shanks"), Desiree Fossett, Sandy Gonzales, Jasmine Ibarra, Mavis Manufekai, Kiandra Mitchell,  Aleasha Moody, Gloria Morales, and Heaven Parker, Celena Ruiz, Alina Savadian, Maria Soriano, Ophelia Timmons, Charlotte Wherry, are women who were formerly incarcerated at the Century Regional Detention Facility who were subjected to the constitutional deprivations and related official misconduct giving rise to the federal and state causes of action set forth herein.

8.    Plaintiffs and class representatives Deona Braggs, Jade Brookfield, Melissa Carillo, Jennah Chlach, Julissa Diaz, Shanice Dyer, Valeria Esquivel, Brianna Garcia, Desiree Garcia, Raven Galoia, Kamiesha Haggens, Ashley Jenkins, Heather Johnson, Cachett Linzy (aka "Charel Antoine"), Stephanie Loera, Brenda Lopez, Elsa Martinez, Heather Mulkey, Wendy Olvera, Diana Ontiveros, Zusseth Pena, Brittany Powell, Angelica Quinones, Melinda Quiroz, Jesica Rios, Mykiera Rowles, Kimberly Salazar, Rudie (aka "Rudy") Sierra, Gabriella Tovar, Grace Velasquez, Claudia Valencia, Felicia Villa, and Virgina Veloz as of the filing of this Complaint, remain incarcerated at the Century Regional Detention Facility, and were, and continue to be, subjected to the constitutional deprivations and related official misconduct giving rise to the federal and state causes of action set forth herein.

### *DEFENDANTS*

9.    Defendant County of Los Angeles (hereafter "County") is a public entity organized and existing under the laws of the State of California. The County, by and through the Los Angeles County Sheriff's Department, is sued in its own right for creating, maintaining, and otherwise facilitating a policy, practice or custom which caused Plaintiffs' injuries in violation of one or more federal constitutional guarantees, and on Plaintiffs' state law claims based on respondeat superior under California

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Government Code §815.2.

10. As of the filing of this Complaint, Defendant Robert Luna is the Sheriff of Los Angeles County, and at times relevant to the events alleged herein was and is a policy maker for the LASD. He is sued in his official and individual capacities.

11. Defendant Alex Villanueva is a former Sheriff of Los Angeles County, and at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

12. Defendant Jim McDonnell is a former Sheriff of Los Angeles County, and at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

13. Defendant Leroy Baca is a former Sheriff of Los Angeles County, and at times relevant to the events alleged herein was a policy maker for the LASD. He is sued in his official and individual capacities.

14. Defendant Jorge Padilla is, and at certain times relevant to the acts and omissions herein alleged was, a sworn Los Angeles County Deputy, holding the rank of Sergeant. At all times relevant to the acts and omissions herein alleged Defendant Padilla acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Padilla was employed at the CFDF in the capacity of a Prison Rape Elimination Act (PREA) Compliance Manager, which tasked Sergeant Padilla with ensuring compliance with the Prison Rape Elimination Act (PREA). Defendant Padilla is sued in his official and individual capacities.

15. Defendant Travis Nelson is, and at certain times relevant to the acts and omissions herein alleged was a sworn Los Angeles County Deputy, holding the rank of Deputy. At all times relevant to the acts and omissions herein alleged Defendant Nelson acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Nelson was employed in the CRDF, and was assigned to

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

monitor inmates the general population, high power module, and administrative segregation module within the CRDF, commonly referred to as "the hole". Defendant Nelson is sued in his official and individual capacities.

16. Defendant Deputy Jones is, and at certain times relevant to the acts and omissions herein alleged was a sworn Los Angeles County Deputy, holding the rank of Deputy. At all times relevant to the acts and omissions herein alleged Defendant Jones acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Jones was employed in the CRDF, and was assigned to monitor inmates housed in the high power unit, general population, and the administrative segregation module within the CRDF, commonly referred to as "the hole". Defendant Jones is sued in his official and individual capacities.

17. Defendant Cesar Rivas, Jr. is, and at certain times relevant to the acts and omissions herein alleged was, a Custody Assistant for the Los Angeles County Sheriff's Department, holding the rank of Custody Assistant. At all times relevant to the acts and omissions herein alleged Defendant Rivas acted under color of law and in the course and scope of his employment with the Los Angeles County Sheriff's Department. At certain times relevant to the acts and omissions herein alleged, Defendant Rivas was employed in the CRDF, and was assigned to monitor inmates housed in the high power unit, and general population within the CRDF. Defendant Rivas is sued in his official and individual capacities.

18. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one of more DOES' true names and capacities, when ascertained. Plaintiffs are informed and believe and thereon allege, that Defendants DOES 1 through 5 are responsible in some manner for the damages and injuries hereinafter complained of.

19. DOES 6 through 10 (hereinafter collectively referred to as "LASD

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Supervisory Defendants") were and are now responsible for the LASD jails. Among other duties, they are responsible for the training, supervision, control, assignment and discipline of both sworn and civilian personnel of the LASD and County who work in, operate, administer and manage the jails, and for the formulation, promulgation, adoption, application, administration and enforcement of the policies, rules, regulations and practices of the LASD jails, including the CRDF.

## IV.   COMMON FACTUAL ALLEGATIONS

20.   Since March of 2006, the Los Angeles County Sheriff's Department has designated the Century Regional Detention Facility ("CRDF"), located at 11705 S. Alameda Street, in Lynwood CA as an all-female jail.

21.   This action challenges the systemic and ongoing practice which concerns the cross-gender viewing of completely nude female inmates by male correctional officers in shower facilities located in the CRDF's general population, high power module, and administrative segregation module, commonly known as "the hole".

22.   The challenged practice concerns male correctional officers' acts of voyeurism in the CRDF's shower facilities, which historically and routinely involves the unobstructed viewing of the entire bodies of completely female inmates when they are taking showers in shower facilities located within the CRDF, including shower facilities located in the general population area, the high power module, and the administrative segregation module. This systemic and ongoing practice has become so widespread within the CRDF that there is a historically designated area adjacent to the shower stalls located in or around the administrative segregation module which is commonly referred to as the "cop shop" by both female inmates and correctional officers. The referenced "cop shop" is located adjacent to the shower stalls for inmates housed in the administrative segregation module, and allows a completely unobstructed view of the entire bodies of female inmates taking showers. From the vantage point of the "cop shop", male correctional officers, during working hours, routinely engage in frequent and prolonged unobstructed viewing of the entire nude bodies of female inmates taking

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

8

showers in a matter unrelated to any legitimate penological purpose. While positioned in the "cop shop", male correctional officers can easily see and make eye contact with showering female inmates, viewing them without their consent for prolonged periods of time during the entire time that they take showers without any legitimate penological purpose.

23.    Female inmates housed at the CRDF take showers at least every other day. In the CRDF's high power and administrative segregation modules, prior to entering the shower stalls, such female inmates are typically removed from their individual cells, while clothed, by an escorting male correctional officer, and are immediately handcuffed with hands behind their backs after exiting their cells. While being escorted by male guards to shower facilities, female inmates are historically and routinely subjected to acts of non-consensual sexual abuse while handcuffed by escorting male guards by acts which include, but are not limited to, male guards routinely walking behind handcuffed female inmates so closely as to intentionally press their crotches and clothed genitalia against back sides of female inmates in a sexual manner, during which time male guards routinely and intentionally rub their crotches and clothed genitalia against the handcuffed hands of female inmates, and fondle the inmates' hips, buttocks, and bodies in a sexual manner while escorting them to and from the shower stalls, among other sexual acts. After arriving at the shower facility, the escorting male correctional officer routinely removes the female inmate's handcuffs and directs her into the shower stall, while clothed. After being placed in the shower stall, female inmates are subjected to further acts of non-consensual voyeurism as they are then within the full and unobstructed view of any additional male correctional officers present at the "cop shop". After the female inmate is placed in the shower stall, the escorting male officer, while constantly observing the entire body of the female inmate at close distance, then directs her to remove her clothes in his immediate presence and under his constant and obvious observation, and within the full and unobstructed view of any additional male correctional officers present and looking on at the "cop shop". Once she is completely

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

9

nude, the escorting male officer directs the female inmate to hand him her clothes to him through a slot in the door adjacent to the shower stall.

24.     Once the shower begins, the completely nude female inmate takes a shower in full view of the male escorting officer, and any male officers who may be present in the "cop shop".  Once the shower begins, male correctional officers routinely and intentionally set the water temperature at a scalding or near-scalding level, which forces the female inmates taking showers to move hurriedly and squirm erratically to avoid the pain generated from the hot water while showering, which often results in the female inmates' breasts jiggling and wiggling demonstrably in full view of the male correctional officers in the adjacent "cop shop", which constitutes a further act of voyeurism undertaken exclusively for the sexual gratification of the male correctional officers viewing the showering female inmates.

### The CRDF's Non-compliance with the Prison Rape Elimination Act

25.     The Prison Rape Elimination Act (PREA) of 2003 is a federal law established to address the elimination and prevention of sexual assault and rape in all correctional systems, including all federal state, and local jails and prisons, including the CRDF. Compliance with PREA is required among all Los Angeles County Jail Facilities, including the CRDF. Among other provisions, PREA states: "The facility shall implement policies and procedures that enable inmates to shower, perform bodily functions, and change clothing without nonmedical staff of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances or when such viewing is incidental to routine cell checks. Such policies and procedures shall require staff of the opposite gender to announce their presence when entering an inmate housing unit."

26.     Additionally, the PREA mandates a "zero tolerance" policy pertaining to acts categorized as "sexual abuse" against inmates in  all Los Angeles County Jail Facilities, including the CRDF. Among PREA's definitions of sexual abuse, the term "voyeurism" is a specific form of sexual abuse defined by the inappropriate visual

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

10

surveillance of a detainee for sexual gratification unrelated to official duties.

27. As set forth herein, the historical and long standing policies of the Sheriff's Department, as they presently exist, and have historically existed, within the CRDF constitute flagrant and willful violations of the aforementioned policies, among other policies, mandated by PREA.

## V. CLAIMS OF CLASS REPRESENTATIVES

### *LEAD CLASS REPRESENTATIVE - DAWN THALACHER*

28. As of the filing of this Complaint, Plaintiff and lead class representative, Dawn Thalcher, is no longer incarcerated at the CRDF. Ms. Thalacher was originally incarcerated at the CRDF in or around March of 2006. Since March of 2006, Ms. Thalacher has at times been incarcerated in the administrative segregation module at the CRDF on multiple occasions. Beginning on or around March of 2006, while housed in the administrative segregation module, Ms. Thalacher has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment, and described in the foregoing paragraphs of this Complaint without her consent at least 100 times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

### *CLAIMS OF ADDITIONAL CLASS REPRESENTATIVES*

### *BRIANNA AVILA*

29. As of the filing of this Complaint, Plaintiff Brianna Avila is presently incarcerated at the CRDF. Ms. Avila has been incarcerated at the CRDF at times which have included, but are not limited to, May 18, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Avila has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

///

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

*XOCHIKETZALL BAEZ*

30.     As of the filing of this Complaint, Plaintiff Xochiketzall Baez is presently incarcerated at the CRDF. Ms. Baez has been incarcerated at the CRDF at times which have included, but are not limited to, February 3, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Baez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*DEONA BRAGGS*

31.     As of the filing of this Complaint, Plaintiff Deona Braggs is presently incarcerated at the CRDF. Deonna Braggs has been incarcerated at the CRDF at times which have included, but are not limited to, April 30, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Borjon has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*DESIREE BORJON*

32.     As of the filing of this Complaint, Plaintiff Desiree Borjon is presently incarcerated at the CRDF. Desiree Borjon has been incarcerated at the CRDF at times which have included, but are not limited to, November 25, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Borjon has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*JADE BROOKFIELD*

33.     As of the filing of this Complaint, Plaintiff Jade Brookfield is presently incarcerated at the CRDF. Ms. Brookfield has been incarcerated at the CRDF at times which have included, but are not limited to, April 10, 2023 through the date of the filing

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

of this Complaint. While housed in the administrative segregation module, Ms. Brookfield has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*MELISSA CARRILLO*

34.     As of the filing of this Complaint, Plaintiff Melissa Carillo is presently incarcerated at the CRDF. Ms. Carillo has been incarcerated at the CRDF at times which have included, but are not limited to, June 23, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Carillo has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*JENNAH CHLACH*

35.     As of the filing of this Complaint, Plaintiff Jennah Chlach is presently incarcerated at the CRDF. Ms. Chlach has been incarcerated at the CRDF at times which have included, but are not limited to, June 23, 2025 through the date of the filing of this Complaint. While housed in the general population, Ms. Chlach has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*JESSICA COSTELLO*

36.     As of the filing of this Complaint, Plaintiff Jessica Costello is no longer incarcerated at the CRDF. Ms. Costello was incarcerated in the CRDF's administrative segregation module at times which have included, but are not limited to, a three week period in February of 2023. While housed in the, Ms. Costello has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*JULISSA DIAZ*

37.     As of the filing of this Complaint, Plaintiff Julissa Diaz has been incarcerated at the CRDF at times which have included, but are not limited to, February, March, and April, 2025, and September 9, 2025 through the date of the filing of this Complaint. While housed in the general population, Ms. Diaz has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Jones.

*MARIA DIAZ*

38.     As of the filing of this Complaint, Plaintiff Maria Diaz is no longer incarcerated at the CRDF. Ms. Diaz was incarcerated in the CRDF's general population at times which have included, but were not limited to, September 3, 2025 through October 6, 2025. While housed in the general population, Ms. Diaz experienced, and was subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

*SHANICE DYER*

39.     As of the filing of this Complaint, Plaintiff Shanice Dyer has been incarcerated at the CRDF at times which have included, but are not limited to, September 18, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Dyer has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

*BRIANNA ESPINOZA*

40.     As of the filing of this Complaint, Plaintiff Brianna Espinoza is no longer

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

14

incarcerated at the CRDF. Ms. Espinoza has been incarcerated at the CRDF at times which have included, but are not limited to, March 26, 2024 through February 4, 2025. While housed in the administrative segregation module, Ms. Espinoza has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## VALERIA ESQUIVEL

41.    As of the filing of this Complaint, Plaintiff Valeria Esquivel has been incarcerated at the CRDF at times which have included, but are not limited to, April 15, 2024 through the date of the filing of this Complaint. While housed in the high power module, Ms. Esquivel has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Custody Assistant Cesar Rivas.

## ESPERANZA FARFAN

42.    As of the filing of this Complaint, Plaintiff Esperanza Farfan (aka "Melissa Shanks") is no longer incarcerated at the CRDF. Ms. Farfan has been incarcerated at the CRDF at times which have included, but are not limited to, May 12, 2024 through September 4, 2025.  While housed in the administrative segregation module, Ms. Farfan has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Sergeant Jorge Padilla and Deputy Travis Nelson.

## DESIREE FOSSETT

43.    As of the filing of this Complaint, Plaintiff Desiree Fossett is no longer incarcerated at the CRDF. Ms. Fossett has been incarcerated at the CRDF at times which have included, but are not limited to, July 17, 2024 through September 24, 2025. While housed in the administrative segregation module, Ms. Fossett has experienced, and been

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Sergeant Jorge Padilla and Deputy Travis Nelson.

*RAVEN GALOIA*

44. As of the filing of this Complaint, Plaintiff Raven Galoia is presently incarcerated at the CRDF. Ms. Galoia has been incarcerated at the CRDF at times which have included, but are not limited to, May 13, 2025 through the date of the filing of this Complaint. While housed in the general population, Ms. Galoia has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

*BRIANNA GARCIA*

45. As of the filing of this Complaint, Plaintiff Brianna Garcia is presently incarcerated at the CRDF. Ms. Garcia has been incarcerated at the CRDF at times which have included, but are not limited to, June 3, 2021 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Garcia has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*DESIREE GARCIA*

46. As of the filing of this Complaint, Plaintiff Desiree Garcia is presently incarcerated at the CRDF. Ms. Garcia has been incarcerated at the CRDF at times which have included, but are not limited to, July 9, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Garcia has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

16

her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

***SANDY GONZALEZ***

47. As of the filing of this Complaint, Plaintiff Sandy Gonzalez is no longer incarcerated at the CRDF. Ms. Gonzalez has been incarcerated at the CRDF at times which have included, but are not limited to, May 8, 2025 through October 23, 2025. While housed in the administrative segregation module, Ms. Gonzalez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

***KAMIESHA HAGGENS***

48. As of the filing of this Complaint, Plaintiff Kamiesha Haggens is presently incarcerated at the CRDF. Ms. Haggens has been incarcerated at the CRDF at times which have included, but are not limited to, September 21, 2021 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Haggens has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

***JASMINE IBARRA***

49. As of the filing of this Complaint, Plaintiff Jasmine Ibarra is presently incarcerated at the CRDF. Ms. Ibarra has been incarcerated at the CRDF at times which have included, but are not limited to, July 2, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Ibarra has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

///

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*ASHLEY JENKINS*

50. As of the filing of this Complaint, Plaintiff Ashley Jenkins is presently incarcerated at the CRDF. Ms. Jenkins has been incarcerated at the CRDF at times which have included, but are not limited to, August 11, 2025 through the date of the filing of this Complaint. While housed in the general population and administrative segregation module, Ms. Jenkins has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

*HEATHER JOHNSON*

51. As of the filing of this Complaint, Plaintiff Heather Johnson is presently incarcerated at the CRDF. Ms. Johnson has been incarcerated at the CRDF at times which have included, but are not limited to, April 2, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Johnson has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*CACHETT LINZY*

52. As of the filing of this Complaint, Plaintiff Cachett Linzy (aka "Charel Antoine") is presently incarcerated at the CRDF. Ms. Linzy has been incarcerated at the CRDF at times which have included, but are not limited to, April 4, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Linzy has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*STEPHANIE LOERA*

53. As of the filing of this Complaint, Plaintiff Stephanie Loera is presently incarcerated at the CRDF. Ms. Loera has been incarcerated at the CRDF at times which

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

have included, but are not limited to, November 8, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Loera has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

### BRENDA LOPEZ

54. As of the filing of this Complaint, Plaintiff Brenda Lopez is presently incarcerated at the CRDF. Ms. Lopez has been incarcerated at the CRDF at times which have included, but are not limited to, April 17, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Lopez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

### MAVIS MANUFEKAI

55. As of the filing of this Complaint, Plaintiff Mavis Manufekai is presently incarcerated at the CRDF. Ms. Manufekai has been incarcerated at the CRDF at times which have included, but are not limited to, October 31, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Manufekai has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

### ELSA MARTINEZ

56. As of the filing of this Complaint, Plaintiff Elsa Martinez is presently incarcerated at the CRDF. Ms. Martinez has been incarcerated at the CRDF at times which have included, but are not limited to, April of 2024, and July 6, 2025 through the date of the filing of this Complaint. While housed in the high power module, Ms. Martinez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Custodial Assistant Cesar Rivas, Jr.

*KIANDRA MITCHELL*

57.     As of the filing of this Complaint, Plaintiff Kiandra Mitchell is presently incarcerated at the CRDF. Ms. Mitchell has been incarcerated at the CRDF at times which have included, but are not limited to, February 24, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Mitchell has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*ALEASHA MOODY*

58.     As of the filing of this Complaint, Plaintiff Aleasha Moody is presently incarcerated at the CRDF. Ms. Moody has been incarcerated at the CRDF at times which have included, but are not limited to, October 23, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Moody has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*GLORIA MORALES*

59.     As of the filing of this Complaint, Plaintiff Gloria Morales is no longer incarcerated at the CRDF. Ms. Morales was incarcerated at the CRDF at times which have included, but are not limited to, June 4, 2025 through November 25, 2025. Upon information and belief, while housed in the general population and administrative segregation modules, Ms. Morales was subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*HEATHER MULKEY*

60.     As of the filing of this Complaint, Plaintiff Heather Mulkey is presently

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

incarcerated at the CRDF. Ms. Mulkey has been incarcerated at the CRDF at times which have included, but are not limited to, March 13, 2024 through November 17, 2022 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Mulkey has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *WENDY OLIVERA*

61.     As of the filing of this Complaint, Plaintiff Wendy Olvera is presently incarcerated at the CRDF. Ms. Olvera has been incarcerated at the CRDF at times which have included, but are not limited to, July 30, 2024 through October 31, 2024, and September 4, 2025 through the date of the filing of this Complaint. While housed in the general population, Ms. Olvera has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson and Deputy Jones.

## *DIANA ONTIVEROS*

62.     As of the filing of this Complaint, Plaintiff Diana Ontiveros is presently incarcerated at the CRDF. Ms. Ontiveros has been incarcerated at the CRDF at times which have included, but are not limited to, June 30, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Ontiveros has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## *HEAVEN PARKER*

63.     As of the filing of this Complaint, Plaintiff Heaven Parker is no longer incarcerated at the CRDF. Ms. Parker has been incarcerated at the CRDF at times which have included, but are not limited to, June 20, 2024 through July 16, 2025. While housed

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

in the administrative segregation module, Ms. Parker has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## ZUSSETH PENA

64. As of the filing of this Complaint, Plaintiff Zusseth Pena is presently incarcerated at the CRDF. Ms. Pena has been incarcerated at the CRDF at times which have included, but are not limited to, August 30, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Pena has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## BRITTANY POWELL

65. As of the filing of this Complaint, Plaintiff Brittany Powell is presently incarcerated at the CRDF. Ms. Powell has been incarcerated at the CRDF at times which have included, but are not limited to, February 22, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Powell has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## ANGELICA QUINONES

66. As of the filing of this Complaint, Plaintiff Angelica Quinones is presently incarcerated at the CRDF. Ms. Quinones has been incarcerated at the CRDF at times which have included, but are not limited to, July 26, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Quinones has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

22

committed these acts include Defendants Jorge Padilla and Travis Nelson.

*JESICA RIOS*

67. As of the filing of this Complaint, Plaintiff Jesica Rios is presently incarcerated at the CRDF. Ms. Rios has been incarcerated at the CRDF at times which have included, but are not limited to, October 24, 2024 through the date of the filing of this Complaint. While housed in the general population, Ms. Rios has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Deputy Jones.

*MYKIERA ROWLES*

68. As of the filing of this Complaint, Plaintiff Mykiera Rowles is presently incarcerated at the CRDF. Ms. Rowles has been incarcerated at the CRDF at times which have included, but are not limited to, April 25, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Rowles has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

*MELINDA QUIROZ*

69. As of the filing of this Complaint, Plaintiff Melinda Quiroz is presently incarcerated at the CRDF. Ms. Quiroz has been incarcerated at the CRDF at times which have included, but are not limited to, October 22, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Quiroz has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

///

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

23

*KIMBERLY SALAZAR*

70. As of the filing of this Complaint, Plaintiff Kimberly Salazar is presently incarcerated at the CRDF. Ms. Salazar has been incarcerated at the CRDF at times which have included, but are not limited to, December 7, 2022 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Salazar has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

*ALINA SAVADIAN*

71. As of the filing of this Complaint, Plaintiff Alina Savadian is presently incarcerated at the CRDF. Ms. Savadian has been incarcerated at the CRDF at times which have included, but are not limited to, January 1, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Savadian has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

*ALINA SAVADIAN*

72. As of the filing of this Complaint, Plaintiff Alina Savadian is presently incarcerated at the CRDF. Ms. Savadian has been incarcerated at the CRDF at times which have included, but are not limited to, January 1, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Savadian has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Deputy Travis Nelson.

///

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

*RUDIE SIERRA*

73.     As of the filing of this Complaint, Plaintiff Rudie (aka "Rudy") Sierra is presently incarcerated at the CRDF. Ms. Sierra has been incarcerated at the CRDF at times which have included, but are not limited to, July 22, 2025 through October 6, 2025, and November 18, 2025 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Sierra has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*MARIA SORIANO*

74.     As of the filing of this Complaint, Plaintiff Maria Soriano is presently incarcerated at the CRDF. Ms. Soriano has been incarcerated at the CRDF at times which have included, but are not limited to, July 30, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Soriano has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

*OPHELIA TIMMONS*

75.     As of the filing of this Complaint, Plaintiff Ophelia Timmons is presently incarcerated at the CRDF. Ms. Timmons has been incarcerated at the CRDF at times which have included, but are not limited to, February 25, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Timmons has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

*GABRIELLA TOVAR*

76.     As of the filing of this Complaint, Plaintiff Gabriella Tovar is presently

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

incarcerated at the CRDF. Ms. Tovar has been incarcerated at the CRDF at times which have included, but are not limited to, June 22, 2023 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Tovar has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendants Jorge Padilla and Travis Nelson.

## GRACE VELASQUEZ

77. As of the filing of this Complaint, Plaintiff Grace Velasquez is presently incarcerated at the CRDF. Ms. Velazquez has been incarcerated at the CRDF at times which have included, but are not limited to, January 25, 2024 through the date of the filing of this Complaint. While housed in the administrative segregation module, Ms. Velasquez has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

## FELICIA VILLA

78. As of the filing of this Complaint, Plaintiff Felicia Villa is no longer incarcerated at the CRDF. Ms. Villa has been incarcerated at the CRDF at times which have included, but are not limited to, March 28, 2025 through October 6, 2025. While housed in the administrative segregation module, Ms. Villa has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times.

## VIRGINIA VELOZ

79. As of the filing of this Complaint, Plaintiff Virginia Veloz is presently incarcerated at the CRDF. Ms. Velos has been incarcerated at the CRDF at times which have included, but are not limited to, July 5, 2022 through the time of the filing of this

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Complaint. While housed in the administrative segregation module, Ms. Veloz has experienced, and been subjected to, the voyeurism, increased punishment, sexual abuse, and sexual harassment described in the foregoing paragraphs of this Complaint without her consent multiple times. Known male correctional officers who have committed these acts include Defendant Travis Nelson.

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

80.     As of the date of the filing of this Complaint, Plaintiffs have exhausted all administrative remedies by filing and/or attempting to file administrative grievances based on the constitutional deprivations set forth herein within all levels of administrative review prescribed by the Prison Litigation Reform Act, and no action has been taken by any agents or employees of the CRDF and/or the Los Angeles County Sheriff's Department in response to the filing and/or attempted filing of any such administrative grievances, and Defendants have actively thwarted Plaintiffs' efforts to exhaust such administrative remedies, have refused to provide access to grievance forms, have refused to accept grievances, and have advised Plaintiffs and class members that any complaints over their conditions of confinement are not capable of being redressed through any administrative grievance procedures within the CRDF, such that Defendants' conduct has rendered the grievance process unavailable to Plaintiffs and class members. Further, Defendants have engaged in repeated acts of  intimidation and retaliation against Plaintiffs and class members in their attempts to attempt to file grievances or articulate complaints over their conditions of confinement which has rendered the grievance process unavailable to Plaintiffs and class members.  Further, Defendant Sergeant Jorge Padilla, when he was acting in his capacity as a Prison Rape Elimination Act coordinator within the CRDF, has specifically told Plaintiffs and class members that no action would be taken on any complaint that may ever filed concerning the constitutional deprivations set forth herein, and Defendant Padilla, while acting in his capacity as a PREA coordinator within the CRDF, has specifically told Plaintiffs and class members"I'm going to back up my deputies 100%"

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

and "Your complaint doesn't matter", which has rendered the grievance process unavailable to Plaintiffs and class members

81.    By and through Plaintiff's counsel, Plaintiffs herein have filed government tort claims for state law claims set forth herein pursuant to Government Code § 910 et seq, each of which have, as of the filing of this Complaint, been denied expressly or by operation of law.

## VII.    RULE 23 PREREQUISITES

### 1.    Numerosity

82.    In accordance with F.R.Civ. P. Rule 23(a), the members of the class are so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereon allege, that at least several hundred inmates per day housed in the CRDF's general population, high power module, and administrative segregation module, who are subjected to cross gender viewing by male correctional officers while taking showers, which routinely occur every other day within the CRDF's general population, high power module, and administrative segregation module. Accordingly, the class period, which may include Plaintiffs asserting constitutional deprivations and related state law claims occurring as early as 2006 with respect to certain causes of action, will likely include several thousand Plaintiffs.

### 2.    Common Issues of Law

83.    In accordance with F.R. Civ. P. Rule 23(a), there are questions of law and fact common to the class. In the Ninth Circuit, "[i]t is clearly established that the Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of privacy ... the naked body.' " *Hydrick v. Hunter,* 500 F.3d 978, 1000 (9th Cir. 2007). The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure[ ] from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *York v. Story,* 324 F.2d 450, 455 (9th Cir. 1963).  Accordingly, common questions of law may include, but may not limited to,

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

the following: (1) Whether the LASD's historical policy involving male correctional officers routinely engaging in the practice of prolonged and unobstructed viewing completely nude female inmates taking showers in the CRDF's general population, high power module, and administrative segregation modules is constitutionally permissible under the Fourteenth Amendment; (2)  Whether the LASD's historical policy involving male correctional officers routinely transporting handcuffed female inmates in the CRDF's general population, high power module, and administrative segregation module to shower facilities where they are forced to disrobe to a state of complete nudity in the immediate and unobstructed presence of the escorting male correctional officers is constitutionally permissible under the Fourteenth Amendment; and (3) Whether any individual Defendant is entitled to qualified immunity, among other common questions of law.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

### 3.      Common Issues of Fact

84.    In accordance with F.R. Civ. P. Rule 23(a) common questions of fact include, but are not limited to, the following: (1) Whether there is a legitimate nonpunitive governmental objective for the LASD's historical policy and practice involving male correctional officers routinely engaging in the practice of prolonged and unobstructed viewing completely nude female inmates taking showers in the CRDF's general population, high power module, and administrative segregation module; (2) Whether the manner in which the CRDF's male correctional officers have historically and routinely transported, viewed, and/or conducted showers for female inmates housed in the CRDF's general population, high power module, and administrative segregation module amounts to increased harm and/or punishment that exceeds, or is independent of, the inherent discomforts of confinement; (3) To the extent that class members are deemed to have been convicted prisoner(s) at any relevant time, whether the manner in which the CRDF's male correctional officers have historically and routinely transported, viewed, and/or conducted showers for the involved female inmates constitutes cruel and unusual punishment in violation of the Eighth Amendment; and, (4) Whether the manner

in which class members have been forced to disrobe in the immediate presence of male correctional officers constitutes a constitutionally impermissible cross-gender strip search in violation of the Fourth Amendment, among other common questions of fact

**4. Typicality**

85. In accordance with F.R. Civ. P. Rule 23(a), the claims of the representative Plaintiffs are typical of the class. All Plaintiffs are and have been in LASD custody, and housed within the general population, high power module, and administrative segregation module of the CRDF when they were subjected to the constitutional deprivations while taking showers, and being transported to and from shower facilities as set forth herein.

86. Thus, Plaintiffs have the same interests and have suffered the same type of damages as all class members. Plaintiffs' claims are based upon the same or similar legal theories as the claims of all class members. Each class member suffered actual damages as a result of being subjected to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers and being transported to and from showers when housed in the CRDF's general population, high power module, and administrative segregation module. The actual damages suffered by Plaintiffs are similar in type and amount to the actual damages suffered by each class member.

87. In accordance with F.R. Civ. P. Rule 23(a), the representative Plaintiffs, which, as of the filing of this Complaint, include 53 (fifty-three) former and current female pretrial detainees who have been housed in the CRDF's general population, high power module, and administrative segregation module, each of whom has experienced and been subjected to all of the constitutional deprivations set forth in the foregoing paragraphs of this Complaint, will fairly and adequately protect the interests of the class, and the interests of the representative Plaintiffs are consistent with, and not antagonistic to, the interests of the class.

**4. Maintenance and Superiority**

88. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class, and would create a risk of establishing incompatible standards of conduct for the parties opposing the class.

89. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

90. In accordance with Fed.R.Civ.P. Rule 23(b)(2), Plaintiffs are informed and believe, and thereon allege that Defendants have acted on grounds generally applicable to the class.

91. In accordance with Fed.R.Civ.P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereon allege, that the interests of class members in individually controlling the prosecution of a separate action is low in that most class members would be unable to individually prosecute any action at all. Plaintiffs are informed and believe, and thereon allege that the amounts at stake for individuals are such that separate suits would be impracticable in that most members of the class will not be able to find counsel to represent them. Plaintiffs are informed and believe, and thereon allege, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location, i.e., the County of Los Angeles. It will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than in multiple courts.

92. Plaintiffs do not know the identities of all class members. Plaintiffs are informed and believe, and thereon allege, that the identities of the class members are readily ascertainable from LASD records, in particular the LASD Automated Justice

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

31

Information System ("AJIS) database used to track and identify LASD inmates. Plaintiffs are informed and believe, and thereon allege, that AJIS reflects the identities, including addresses and telephone numbers, of the persons who have been held in custody by LASD; when inmates were arrested and booked, taken to court, returned from court; why inmates were released; and when inmates were released.

93.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the class. The class action will be manageable because so many different records systems exist from which to ascertain the members of the class. Liability can be determined on a class-wide basis. Damages can be determined on a class-wide basis using a damages matrix set by a trier of fact, or by trying the damages of a statistically valid sample of the class to a trier of fact  and extrapolating those damages to the class as a whole.

94.     In accordance with Fed.R.Civ.P. Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiffs are informed and believe that LASD computer records contain a last known address for class members. Plaintiffs contemplate that individual notice be given to class members at such last known address by first class mail. Plaintiffs contemplate that the notice inform class members of the following:

A.     The pendency of the class action, and the issues common to the class;

B.     The nature of the action;

C.     Their right to 'opt out' of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

D.     Their right, if they do not 'opt out,' to be represented by their own counsel and enter an appearance in the case; otherwise, they will be represented by the named Plaintiffs and their counsel; and

E.     Their right, if they do not 'opt out,' to share in any recovery in favor of the

32

class, and conversely to be bound by any judgment on the common issues, adverse to the class.

## VIII.  CLAIMS AND CAUSES OF ACTION

### COUNT ONE – 42 U.S.C. §1983

### [FOURTEENTH AMENDMENT]

### (Against All Defendants)

95.     Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs as if each paragraph is fully set forth herein.

96.     In the Ninth Circuit, "[i]t is clearly established that the Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of privacy ... the naked body.' " *Hydrick v. Hunter,* 500 F.3d 978, 1000 (9th Cir. 2007). The Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure[ ] from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *York v. Story,* 324 F.2d 450, 455 (9th Cir. 1963).

97.     In subjecting Plaintiffs and class members who are pretrial detainees to the prolonged, intentional, unrestricted, and completely unobstructed observations of their completely nude bodies in shower facilities for female inmates housed in the CRDF's general population, high power module, and administrative segregation module, Defendants, and each of them, have violated, and continue to violate, Plaintiffs' and class members' rights to bodily privacy, and Plaintiffs' and class members' rights to be free from violations of their bodily integrity as guaranteed by the Fourteenth Amendment to the United States Constitution. Additionally, in subjecting Plaintiffs and class members to improper punishment and harm that significantly exceeds, and is independent of, the inherent discomforts of confinement, Defendants, and each of them, have subjected, and continue to subject, Plaintiffs and class members to improper punishment in violation of the Fourteenth Amendment to the United States Constitution to 42 U.S.C. §1983. Additionally, in subjecting Plaintiffs and class members to unreasonable force when transporting them to and from shower stalls alleged herein,

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Defendants, and each of them, have violated Plaintiffs' and class members' rights to be free from violations of their bodily integrity as guaranteed by the Fourteenth Amendment to the United States Constitution.

98. The aforementioned acts of Defendants have proximately caused, and continue to proximately cause, Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial.

99. As of the date of the filing of this Complaint, Plaintiffs Brianna Avila, Deona Braggs, Jade Brookfield, Melissa Carillo, Julissa Diaz, Shanice Dyer, Valerie Esquivel, Brianna Garcia, Desiree Garcia, Raven Galoia, Kamiesha Haggens, Ashley Jenkins, Heather Johnson, Cachett Linzy (aka "Charel Antoine"), Stephanie Loera, Brenda Lopez, Elsa Martinez, Heather Mulkey, Wendy Olivera, Diana Ontiveros, Zusseth Pena, Brittany Powell, Angelica Quinones, Melinda Quiroz, Jesica Rios, Mykiera Rowles, Kimberly Salazar, Rudie (aka "Rudy") Sierra, Gabriella Tovar, Grace Velasquez, Claudia Valencia, Felicia Villa, and Virgina Veloz remain incarcerated at the Century Regional Detention Facility. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers if they are or remain housed in the CRDF's general population, high power module, and administrative segregation module, these Plaintiffs and class members will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

**COUNT TWO – 42 U.S.C. §1983**

**[EQUAL PROTECTION]**

**(Against All Defendants)**

100. Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs as if each paragraph is fully set forth herein.

101. Plaintiffs are informed and believe, and thereon allege, that similarly situated male inmates in Los Angeles County Jails have not and are not subjected to the same type and manner of cross-gender observations of their completely nude bodies in

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

shower facilities that female inmates housed in the CRDF's general population, high power module, and administrative segregation module are subjected to, as described herein, thereby depriving the female class members of the protections afforded by provisions of the 14th Amendment Equal Protection guarantees. Therefore, the female Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

102.   The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers in the CRDF's general population, high power module, and administrative segregation module, these Plaintiffs will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

**COUNT THREE – 42 U.S.C. §1983**

**[EIGHTH AMENDMENT]**

**(Against All Defendants)**

103.   Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs as if each paragraph is fully set forth herein.

104.   Plaintiffs are informed and believe some Plaintiffs and class members may be convicted prisoners at certain times relevant to the acts and omissions herein alleged. In subjecting any Plaintiffs who may fall within the status of convicted prisoners housed in the CRDF's general population, high power module, and administrative segregation module to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers, and while being transported to and from shower facilities, such Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983 for violations of the Eighth Amendment's protections against cruel and unusual punishment.

105. The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial. Because the CRDF will require them to submit to the voyeurism, increased punishment, sexual abuse, and sexual harassment while taking showers if they are or remain housed in the CRDF's general population, high power module, and administrative segregation module, these Plaintiffs will continue to suffer deprivations of their rights, and therefore seek injunctive relief on behalf of themselves and the class of similarly situated individuals.

**COUNT FOUR – Cal. Civ. Code §52.1**

**(Against All Defendants)**

106. Any and all constitutional deprivations alleged in the foregoing paragraphs of this Complaint were accomplished via threats, intimidation or coercion and/or threats of the same.

107. CRDF's continuing custom, policy, and practice of male correctional officers' viewing of the nude and/or undressed bodies female inmates within the CRDF's shower facilities, and subjecting female inmates to sexual abuse and sexual harassment while being escorted two and from CRDF's shower facilities by male correctional officers has deprived Plaintiffs and the class they represent of the protections afforded by provisions of federal constitutional and state constitutional and statutory law including, but not limited to, rights protected under the Fourteenth and Eighth Amendments to the United States Constitution; Article I, §§ 1, 7, 13, and 17 of the California state constitution, and California Penal Code §2644.

108. As a direct and proximate cause of the aforementioned acts, Plaintiffs and class members have been damaged, and have suffered deprivations of rights guaranteed under the United States and California constitutions in an amount to be proven at trial.

**COUNT FIVE – ARTICLE 1, §§1 AND 13 OF THE CALIFORNIA CONSTITUTION [PRIVACY/FOURTEENTH AMENDMENT ANALOGUE]**

**(Against All Defendants)**

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

36

109. Plaintiffs have previously filed a Govt. Code §910 claim for damages against Defendants for the matters set forth in this complaint, thereby making it unnecessary for the newly added named Plaintiffs to file individual §910 claims.

110. CRDF's continuing custom, policy, and practice of male correctional officers' viewing of the nude and/or undressed bodies female inmates within the CRDF's shower facilities, and subjecting female inmates to sexual abuse and sexual harassment while being escorted two and from CRDF's shower facilities by male correctional officers has violated Plaintiffs' rights to not be subjected to invasion of their fundamental privacy interests, as guaranteed by Article I, §1 of the California Constitution; and to be secure in their persons against unreasonable searches and seizures, as guaranteed by Article I, §13 of the California Constitution.

111. The aforementioned acts of Defendants proximately caused Plaintiffs and class members to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial.

## COUNT SIX – ARTICLE 1, §7, OF THE CALIFORNIA CONSTITUTION
### [EQUAL PROTECTION]
### (Against All Defendants)

112. The unequal treatment of men and women violated the female Plaintiffs' and class members' rights to not be denied equal protection of the law, as guaranteed by Article I, §7 of the California Constitution.

113. The aforementioned acts of Defendants proximately caused Plaintiffs to be deprived of their rights as stated above, thereby entitling Plaintiffs and the class to damages in an amount to be proven at trial.

## COUNT SEVEN - Violation of Mandatory Duties
### (Penal Code § 2944)
### (Against Defendants County of Los Angeles and LASD only)

114. California Penal Code § 2644(b) states: "A male correctional officer shall not enter into an area of the institution where female inmates may be in a state of

37

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

undress, or be in an area where they can view female inmates in a state of undress, including, but not limited to, restrooms, shower areas, or medical treatment areas, unless an inmate in the area presents a risk of immediate harm to herself or others or if there is a medical emergency in the area. A male correctional officer shall not enter into an area prohibited under this subdivision if there is a female correctional officer who can resolve the situation in a safe and timely manner without his assistance. To prevent incidental viewing, staff of the opposite sex shall announce their presence when entering a housing unit." Cal. Penal Code § 2644(b).

115.    The actions of Defendants, as described in the foregoing paragraphs of this Complaint violated, and continue to violate, the express provisions of Cal. Penal Code § 2644(b), entitling Plaintiffs to any and all appropriate remedies as may be afforded by California law.

### APPROPRIATENESS OF EQUITABLE RELIEF

116.    As of the filing of this complaint, Plaintiffs Deona Braggs, Jade Brookfield, Melissa Carillo, Jennah Chlach, Julissa Diaz, Shanice Dyer, Valeria Esquivel, Brianna Garcia, Desiree Garcia, Raven Galoia, Kamiesha Haggens, Ashley Jenkins, Heather Johnson, Cachett Linzy (aka "Charel Antoine"), Stephanie Loera, Brenda Lopez, Elsa Martinez, Heather Mulkey, Wendy Olvera, Diana Ontiveros, Zusseth Pena, Brittany Powell, Angelica Quinones, Melinda Quiroz, Jesica Rios, Mykiera Rowles, Kimberly Salazar, Rudie (aka "Rudy") Sierra, Gabriella Tovar, Grace Velasquez, Claudia Valencia, Felicia Villa, and Virgina Veloz remain incarcerated at the Century Regional Detention Facility, and will be required to take showers at least every other day before they are released from custody.

117.    CRDF's continuing custom, policy, and practice of male correctional officers' viewing of the nude and/or undressed bodies female inmates within the CRDF's shower facilities, and subjecting female inmates to sexual abuse and sexual harassment while being escorted two and from CRDF's shower facilities by male correctional officers causes, and is likely to cause, sweeping and irreparable harm to these plaintiffs.

118.   Because no adequate remedy at law exists for the injuries alleged herein, Plaintiffs seek injunctive relief under both federal and state law.

**IX.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the class members they represent, request damages against each defendant as follows:

1.   General and special damages according to proof;

2.   Temporary, preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in the unlawful practices complained of herein;

3.   As against the individual Defendants only, punitive damages according to proof;

4.   In addition to actual damages, statutory damages and treble damages as allowed by law;

5.   Attorneys' fees and costs under 42 U.S.C. §1988 and other applicable state or federal statutory provisions;

6.   The costs of this suit and such other relief as is just and proper.

DATED: January 8, 2026                 Respectfully submitted,

                                                      **THE COCHRAN FIRM - CALIFORNIA**

                                                      /s/ *Brian T. Dunn*
                                                      BRIAN T. DUNN
                                                      Attorneys for ALL PLAINTIFFS

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

39

# DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves individually and on behalf of the class, hereby demand a jury trial.

DATED: January 8, 2026                    Respectfully submitted,

**THE COCHRAN FIRM - CALIFORNIA**

/s/ *Brian T. Dunn*
BRIAN T. DUNN
Attorneys for ALL PLAINTIFFS

**THE**
**COCHRAN**
**FIRM**
**CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205