KENDALL BRILL & KELLY LLP
Cassie D. Palmer (268383)
  cpalmer@kbkfirm.com
Emma Tehrani (329603)
  etehrani@kbkfirm.com
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants County of Los Angeles;
Los Angeles County Sheriff's Department; Sheriff
Robert Luna; Sheriff Alex Villanueva; Sheriff
Jim McDonnell; Sheriff Lee Baca; and Cesar Rivas Jr.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAWN THALACHER, BRIANNA AVILA, XOCHIKETZALL BAEZ, DEONA BRAGGS, DESIREE BORJON, JADE BROOKFIELD, MELISSA CARILLO, JENNAH CHLACH, JESSICA COSTELLO, JULISSA DIAZ, MARIA DIAZ, SHANICE DYER, BRIANNA ESPINOZA, VALERIA ESQUIVEL, ESPERANZA FARFAN, DESIREE FOSSETT, RAVEN GALOIA, BRIANNA GARCIA, DESIREE GARCIA, SANDY GONZALEZ, KAMIESHA HAGGENS, JASMINE IBARRA, ASHLEY JENKINS, HEATHER JOHNSON, CACHETT LINZY, STEPHANIE LOERA, BRENDA LOPEZ, MAVIS MANUFEKAI, ELSA MARTINEZ, KIANDRA MITCHELL, ALEASHA MOODY, GLORIA MORALES, HEATHER MULKEY, WENDY | Case No. 2:25-cv-10318-SVW (SK) **NOTICE OF MOTION AND MOTION BY DEFENDANTS COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, SHERIFF ALEX VILLANUEVA, SHERIFF JIM MCDONNELL; SHERIFF LEE BACA; AND CESAR RIVAS JR. TO DISMISS FIRST AMENDED COMPLAINT (FRCP 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES** Judge:   Honorable Stephen V. Wilson Date:    April 27, 2026 Time:    1:30 p.m. Crtrm.:  10A Compl. Filed:  October 27, 2025 FAC Filed:    January 8, 2026 Trial Date:    None |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

1

OLVERA, DIANA ONTIVEROS, HEAVEN PARKER, ZUSSETH PENA, BRITTANY POWELL, ANGELICA QUINONES, MELINDA QUIROZ, JESICA RIOS, MYKIERA ROWLES, CELENA RUIZ, KIMBERLY SALAZAR, ALINA SAVADIAN, RUDIE SIERRA, MARIA SORIANO, OPHELIA TIMMONS, GABRIELLA TOVAR, GRACE VELASQUEZ, VIRGINIA VELOZ, CLAUDIA VALENCIA, FELICIA VILLA, AND CHARLOTTE WHERRY, individually and as class representatives,

Plaintiffs,

v.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, individually, and in his official capacity; SHERIFF ALEX VILLANUEVA, individually, and in his official capacity; SHERIFF JIM MCDONNELL, individually, and in his official capacity; SHERIFF LEE BACA, individually, and in his official capacity; JORGE PADILLA, individually, and in his official capacity; TRAVIS NELSON, individually, and in his official capacity; DEPUTY JONES, individually, and in his official capacity; CESAR RIVAS JR., individually, and in his official capacity, and DOES 1 through 10, inclusive,

Defendants.

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

2

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 27, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stephen V. Wilson, located at 350 West 1st Street, Courtroom 10A, Los Angeles, California 90012, Defendants County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Robert Luna; Sheriff Alex Villanueva; Sheriff Jim McDonnell; Sheriff Lee Baca; and Cesar Rivas Jr. (collectively, the "Moving Defendants") will and hereby do move this Court for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs Dawn Thalacher, et al., ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is made on the grounds that, as set forth in the accompanying Memorandum of Points and Authorities, the FAC fails to state a claim upon which relief can be granted and should be dismissed in whole or, at minimum, substantially narrowed because: (1) as to all counts, the FAC relies on impermissible group pleading and fails to differentiate among defendants; (2) Counts One, Two, and Three fail to plausibly allege municipal or supervisory liability against the County of Los Angeles, the Los Angeles County Sheriff's Department, the Sheriff Defendants, or the supervisory Doe defendants; (3) the claims against the Sheriff Defendants in their individual capacities are insufficiently pleaded, and the official-capacity claims against them are duplicative of the claims against the County and LASD; (4) Counts Four through Seven fail for lack of adequate pleading of compliance with the Government Claims Act; (5) Counts Four through Seven are independently barred as against the County and LASD by Government Code section 844.6; (6) Counts Two and Six fail to state a plausible Equal Protection claim; (7) Count Three fails to state a cognizable Eighth Amendment claim; (8) Count Seven fails because California Penal Code section 2644 does not create a private right of action; (9) the requests for injunctive relief are moot as to formerly incarcerated plaintiffs and

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

3

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

otherwise overbroad; and (10) the FAC does not plead sufficient facts to evaluate timeliness as to a number of claims.

This Motion is filed following the Moving Defendants' good-faith efforts to meet and confer with Plaintiffs' counsel pursuant to Local Rule 7-3. On March 11, 2026, counsel met and conferred regarding the defects in the FAC and Moving Defendants' anticipated Rule 12(b)(6) motion. Plaintiffs' counsel indicated during that conference that Plaintiffs intended to file a Second Amended Complaint to address certain issues raised in the meet and confer. The parties thereafter filed a stipulation seeking leave for Plaintiffs to file a Second Amended Complaint and extending the deadline for Stipulating Defendants to respond. As of the filing of this Motion, however, the Court has not acted on that stipulation, and the FAC remains the operative pleading. Dkt. 30 ¶¶ 8–11. On March 19, 2026, I again spoke with Mr. Dunn to advise him the Moving Defendants would file the motion to dismiss since the stipulation was not yet granted. He indicated that he understood.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, any matters properly subject to judicial notice, any oral argument permitted by the Court, and such other matters as may be presented to the Court at or before the hearing.

DATED:  March 19, 2026          KENDALL BRILL & KELLY LLP


By: _____
    Cassie D. Palmer
    Attorneys for Defendants County of Los
    Angeles; Los Angeles County Sheriff's
    Department; Sheriff Robert Luna; Sheriff
    Alex Villanueva; Sheriff Jim McDonnell;
    Sheriff Lee Baca; and Cesar Rivas Jr.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.................................................5

I.   INTRODUCTION .................................................................................................5

II.  ALLEGATIONS IN THE FAC...........................................................................6

III. PROCEDURAL HISTORY ................................................................................7

IV. LEGAL STANDARD ........................................................................................7

V.  ARGUMENT......................................................................................................8

    A.    The Court Should Dismiss the FAC for Impermissible Group Pleading and Failure to Differentiate Among Defendants...........................................................8

    B.    Counts One, Two, and Three Should Be Dismissed as to the Municipal Defendants, the Sheriff Defendants, and the Supervisory Doe Defendants Because the FAC Fails to Plead a Plausible *Monell* or Supervisory-Liability Theory .........9

    C.    The Court Should Dismiss the Claims Against the Sheriff Defendants in Both Their Individual and Official Capacities ......................................................12

    D.    The Court Should Dismiss Counts Four Through Seven for Failure to Plead Government Claims Act Compliance.........................................................13

    E.    The Court Should Dismiss Counts Four Through Seven Against the Municipal Defendants Under Government Code Section 844.6..........................14

    F.    The Court Should Dismiss Counts Two (Federal Law) and Six (State Law) for Failure to State an Equal Protection Claim......................................................15

    G.    The Court Should Dismiss Count Three for Failure to Plead a Cognizable Eighth Amendment Claim ...............................................................................17

    H.    The Court Should Dismiss Count Seven Because California Penal Code Section 2644 Does Not Create a Private Right of Action ....................................18

    I.    The Court Should Dismiss the Requests for Injunctive Relief as to Formerly Incarcerated Plaintiffs and Narrow Them as to the Remaining Plaintiffs............19

    J.    The FAC's Timeliness Allegations Are Insufficient to Evaluate Timeliness,

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

i

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Particularly as to the Formerly Incarcerated Plaintiffs.............................................20

VI.  CONCLUSION....................................................................................................20

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Ferguson*,
    No. 21-cv-09484-JCS, 2022 WL 767191 (N.D. Cal. Mar. 14, 2022) ............... 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 7, 10

*Austin v. Terhune*,
    367 F.3d 1167 (9th Cir. 2004) ......................................................................... 17

*Barren v. Harrington*,
    152 F.3d 1193 (9th Cir. 1998) ....................................................................... 9, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 7

*Bratt v. Carlsbad Police Dep't*,
    No. 24-cv-1295-JLS-BLM, 2024 WL 3883508 (S.D. Cal. Aug. 19, 2024) .................................................................................................... 13, 14

*Dilley v. Gunn*,
    64 F.3d 1365 (9th Cir. 1995) ........................................................................... 19

*Dougherty v. City of Covina*,
    654 F.3d 892 (9th Cir. 2011) ............................................................... 10, 11, 12

*Elmore v. Singh*,
    No. C98-0627-TEH-PR, 1998 WL 328617 (N.D. Cal. June 15, 1998) ......................................................................................................... 19

*Fuller v. Kamara*,
    No. 24-cv-1935-TWR-VET, 2025 WL 419131 (S.D. Cal. Feb. 6, 2025) ......................................................................................................... 16

*Furnace v. Sullivan*,
    705 F.3d 1021 (9th Cir. 2013) ......................................................................... 15

*Gomez v. De La Torre*,
    No. 23-CV-2026-WQH-DDL, 2026 WL 241994 (S.D. Cal. Jan. 29, 2026) ......................................................................................................... 14

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

1

*Gordon v. Cnty. of Orange*,
   888 F.3d 1118 (9th Cir. 2018)...............................................................................17

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ...............................................................................................12

*Harper v. Cisneros*,
   No. 1:22-cv-00290-SAB-PC, 2022 WL 1205427 (E.D. Cal. Mar. 25, 2022)...............................................................................................................18

*Harrison v. Kernan*,
   971 F.3d 1069 (9th Cir. 2020)...............................................................................16

*In re iPhone Application Litig.*,
   No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)...................................................................................................................8

*Johnson v. Carroll*,
   No. 2:08-cv-1494-KJN, 2012 WL 2069561 (E.D. Cal. June 7, 2012)...............18

*Luke v. Abbott*,
   954 F. Supp. 202 (C.D. Cal. 1997).......................................................................12

*McDaniel v. Diaz*,
   No. 120CV00856NONESAB, 2020 WL 7425348 (E.D. Cal. Dec. 18, 2020), *amended*, No. 120CV00856NONESAB, 2021 WL 39656 (E.D. Cal. Jan. 5, 2021) .................................................................................14

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) ......................................................................................5, 10, 11

*Morris v. CDCR*,
   No. CV 16-4720-DMG-AS, 2017 WL 2494654 (C.D. Cal. Mar. 13, 2017).................................................................................................................17

*Ndandu v. Alvarado*,
   No. 2:23-cv-08882-SB-ADS, 2025 WL 1093801 (C.D. Cal. Feb. 20, 2025) ...............................................................................................................20

*Olson v. California*,
   104 F.4th 66 (9th Cir. 2024)............................................................................15, 16

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

2

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Parks v. Bd. of Trs. of Cal. State Univ.*,
    No. 1:09-cv-1314-AWI-GSA, 2009 WL 10692084 (E.D. Cal. Oct.
    6, 2009) ........................................................................................................8

*Roberson v. W. Progressive, LLC*,
    No. 2:23-cv-07217-SVW-JPR, 2024 WL 661171, AT *2 (C.D. Cal.
    Feb. 1, 2024 ................................................................................................18

*Sahley v. San Diego County*,
    69 Cal. App. 3d 347 (1977) ......................................................................14

*Sampson v. Cnty. of Los Angeles*,
    974 F.3d 1012 (9th Cir. 2020) ..................................................................15

*Somers v. Thurman*,
    109 F.3d 614 (9th Cir. 1997) ....................................................................17

*State v. Superior Court (Bodde)*,
    32 Cal. 4th 1234 (2004) ......................................................................13, 14

*Swadener v. California*,
    No. 24-cv-00283-DMS-MSB, 2025 WL 1095377 (S.D. Cal. Mar. 3,
    2025) ..........................................................................................................20

*Thornton v. City of St. Helens*,
    425 F.3d 1158 (9th Cir. 2005) ............................................................15, 16

*Vuz v. Dcss III, Inc.*,
    No. 3:20-cv-00246-GPC-AGS, 2020 WL 4366023 (S.D. Cal. July
    30, 2020) ....................................................................................................15

*Watison v. Carter*,
    668 F.3d 1108 (9th Cir. 2012) ..................................................................18

**Statutes**

Bane Act ..........................................................................................................20

Cal. Code of Civ. Proc. § 352.1(a) ................................................................19

Cal. Gov't Code § 844.6 ................................................................................15

Cal. Government Code § 844.6 ...........................................................14, 15, 16

Cal. Government Code § 910 .....................................................................13, 14

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

3

Cal. Government Code § 911.2 ................................................................ 13

Cal. Government Code § 912.4 ................................................................ 13

Cal. Government Code § 945.6 ................................................................ 13

California Civil Code section 52.1 ............................................................. 6

California Penal Code § 2644 ............................................................*passim*

Government Claims Act .......................................................... 13, 14, 21

Prison Rape Elimination Act .............................................................. 6, 11

**Constitutional Provisions**

42 U.S.C. § 1983 ...........................................................................*passim*

California Constitution art. I, § 1 ............................................................. 6

California Constitution art. I, § 7 .................................................. 6, 15, 16

California Constitution art. I, § 13 ........................................................... 6

U.S. Const. amend. XIV, § 1 ................................................................. 15

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC") is broad and factually sprawling, but it remains legally deficient. Plaintiffs attempt to transform allegations of cross-gender shower viewing, transport-related misconduct, and grievance interference at the Century Regional Detention Facility ("CRDF") into a sweeping class action against the County of Los Angeles ("the County"), the Los Angeles County Sheriff's Department ("LASD"), multiple current and former sheriffs, supervisory defendants, and line personnel. FAC ¶¶ 1–4, 9–19, 95–118. Yet the FAC does not satisfy the pleading standards imposed by the federal rules.

At its core, the FAC suffers from four recurring defects. First, it repeatedly lumps defendants together, asserting that "Defendants, and each of them" committed all challenged acts, despite naming multiple defendants with distinct roles. *See* FAC ¶¶ 97, 101–105, 107–115. Second, it relies on conclusory assertions of a "historical policy and practice," "custom," and "continuing custom, policy, and practice" without alleging facts plausibly connecting the County, LASD, or the supervisory defendants to a specific unconstitutional policy or custom as required by *Monell*. FAC ¶¶ 1–3, 9–19, 97, 107, 110, 117. Third, several claims fail as a matter of law, including the state-law claims against the public entity defendants, the Equal Protection claims, the Eighth Amendment claim, and the California Penal Code § 2644 claim. *See* FAC ¶¶ 100–115. Fourth, the requests for injunctive relief are overbroad and, as to former inmates, moot. FAC ¶¶ 7, 28, 36, 38, 40, 42, 43, 47, 59, 63, 78, 99, 102, 105, 116–118.

Defendants do not contend that every alleged wrong in the FAC is beyond judicial scrutiny, but the FAC, as pleaded, does not provide a legally sufficient basis to proceed against all Defendants on all theories. The Court should dismiss the FAC or, at minimum, substantially narrow the FAC by dismissing the deficient claims and Defendants and requiring Plaintiffs to replead with requisite specificity.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

5

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II.    ALLEGATIONS IN THE FAC

The FAC challenges conditions at CRDF, including allegations concerning cross-gender observation in shower areas and conduct during escort to and from showers in certain housing units. FAC ¶¶ 1–4, 21–24. Plaintiffs allege that male correctional staff observe female inmates while showering and, in some instances, engage in unconstitutional touching during escort or monitoring. *Id.* ¶¶ 1, 23–24. The FAC characterizes this alleged conduct as part of a "historical" or "longstanding" practice at CRDF. *Id.* ¶¶ 2–3, 27.

The FAC also references the Prison Rape Elimination Act ("PREA") and alleges, in general terms, that CRDF policies and practices do not comply with PREA standards governing cross-gender viewing. *Id.* ¶¶ 25–27.

The FAC names 53 current and former female pretrial detainees as Representative Plaintiffs and alleges that they were housed in CRDF's general population, high power module, and/or administrative segregation module at various times, with some allegations identifying particular individual Defendants and some not. *Id.* ¶¶ 7–8, 28–79, 87. The FAC, however, also alleges that "some Plaintiffs and class members may be convicted prisoners at certain times relevant." *Id.* ¶ 104.

Defendants include the County and LASD (together, the "Municipal Defendants"); four current and former sheriffs (the "Sheriff Defendants"); several individual employees (the "Employee Defendants"); and Doe defendants. *Id.* ¶¶ 9–19. The FAC alleges that the Sheriff Defendants were "policy makers," and the Employee Defendants supervised or monitored inmates in relevant housing units. *Id.* ¶¶ 10–17.

The FAC alleges seven counts: (1) Fourteenth Amendment (42 U.S.C. § 1983); (2) Equal Protection (42 U.S.C. § 1983); (3) Eighth Amendment (42 U.S.C. § 1983); (4) California Civil Code section 52.1; (5) California Constitution art. I, §§ 1 and 13; (6) California Constitution art. I, § 7; and (7) "Violation of Mandatory Duties" (California Penal Code § 2644), against the Municipal Defendants only. *Id.*

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

6

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

¶¶ 95–115.

## III.   PROCEDURAL HISTORY

Plaintiffs filed this putative class action on October 27, 2025, Dkt. 1, and the operative FAC on January 8, 2026, Dkt. 9. On January 26, 2026, plaintiffs served the summons and FAC on Defendants County of Los Angeles, LASD, Sheriff Luna, and Sheriff Baca. *See* Dkts. 14–17. On January 28, 2026, plaintiffs served the summons and FAC on Defendants Rivas, Deputy Jones, Sheriff Villanueva, Sheriff McDonnell, and Deputy Nelson. *See* Dkts. 18–22. On February 11, 2026, the Court approved the parties' first stipulation to extend the served defendants' ("Stipulating Defendants") deadline to respond to the FAC to March 19, 2026. *See* Dkt. 26. As of this filing, Defendant Jorge Padilla has not appeared, nor has a proof of service been filed as to him.

On March 11, 2026, counsel met and conferred pursuant to Local Rule 7-3 regarding Stipulating Defendants' intent to move to dismiss the FAC under Rule 12(b)(6). Dkt. 30. At that conference, Plaintiffs' counsel indicated an intent to file a Second Amended Complaint ("SAC") to address certain issues raised during the meet-and-confer. *Id.* ¶ 9. The parties filed a stipulation for the Court's approval that plaintiffs would file a SAC by April 20, 2026, and Stipulating Defendants would respond by June 19, 2026. *Id.* ¶ 11. As of this filing, the Court has not yet acted upon the stipulation.

## IV.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. *Id.* at 555. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Where a plaintiff fails to plead facts that, taken as true,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

7

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

state a plausible claim, dismissal is required. *Id.* at 679.

## V.   ARGUMENT

### A.   The Court Should Dismiss the FAC for Impermissible Group Pleading and Failure to Differentiate Among Defendants

A pervasive defect in the FAC is that it alleges that "Defendants, and each of them" violated Plaintiffs' rights without specifying which defendant engaged in which actionable conduct. FAC ¶¶ 97, 101–105, 107–115. Courts routinely dismiss claims that lump defendants together without linking them to individual conduct. *See, e.g., Parks v. Bd. of Trs. of Cal. State Univ.*, No. 1:09-cv-1314-AWI-GSA, 2009 WL 10692084, at *7 (E.D. Cal. Oct. 6, 2009).

That defect is especially acute here. The FAC names two Municipal Defendants; four Sheriff Defendants spanning multiple administrations; one sergeant/PREA compliance manager; two deputies; one custody assistant; and multiple Doe defendants. FAC ¶¶ 9–19. Yet in the operative counts, Plaintiffs generally do not differentiate among them. Count One alleges that "Defendants, and each of them," violated bodily privacy, bodily integrity, and freedom from punishment and unreasonable force. *Id.* ¶ 97. Count Two alleges that "Defendants" caused unequal treatment. *Id.* ¶¶ 101–102. Count Three alleges that "Defendants" violated the Eighth Amendment as to any plaintiffs who "may be convicted prisoners." *Id.* ¶¶ 104–105. Count Four alleges that "any and all constitutional deprivations" were accomplished through threats, intimidation, or coercion. *Id.* ¶ 106. Counts Five and Six similarly attribute liability to "Defendants" wholesale. *Id.* ¶¶ 110–113. "[B]y lumping all [the defendants] together, Plaintiffs have not stated sufficient facts to state a claim for relief that is plausible against one Defendant. . . . Plaintiffs' failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

The plaintiff-specific allegations illustrate the same problem. Some Plaintiffs identify known Defendants; many do not. *Compare* FAC ¶¶ 38, 39, 44, 46, 48, 50, 68, 70, 71, 72, 75, 77, 79 (Nelson), ¶¶ 37, 67 (Jones), ¶¶ 41, 56 (Rivas), ¶ 61 (Nelson and Jones), ¶¶ 28, 29, 42, 43, 66, 76 (Padilla and Nelson) *with* FAC ¶¶ 30–36, 40, 45, 47, 49, 51–55, 57–60, 62, 64–65, 69, 73–74, 78 (identifying no Defendant). Under Rule 8, the Employee Defendants are entitled to know which claims are asserted against them by which Plaintiffs. They cannot be required to defend the FAC in its entirety—including claims by Plaintiffs who do not attribute any conduct to them—based solely on the generalized allegation that "Defendants, and each of them," committed all acts. *See* FAC ¶¶ 97, 101–105, 107–115.

Notably, the FAC does not allege that any Sheriff Defendant was aware of the specific incidents described in the FAC—many of which are alleged to have occurred at discrete times involving particular Employee Defendants. *See* FAC ¶¶ 28–79. Nor does the FAC state facts showing that any Sheriff Defendant reviewed, ratified, or failed to act upon those incidents. The absence of such allegations is independently fatal to any supervisory liability theory under § 1983. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (holding a party "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [her] civil rights").

Thus, the Court should dismiss the FAC, or alternatively, dismiss the claims against Defendants who are not tied to specific conduct, including the Sheriff Defendants in their individual capacities and the Doe defendants.

**B.**     **<u>Counts One, Two, and Three Should Be Dismissed as to the Municipal Defendants, the Sheriff Defendants, and the Supervisory Doe Defendants Because the FAC Fails to Plead a Plausible <u>*Monell*</u> or Supervisory-Liability Theory</u>**

The FAC's federal claims against the public entity and supervisory defendants rest on conclusory references to a "historical policy and practice," a

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

9

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

"continuing custom, policy, and practice," and broad assertions that the County and LASD created, maintained, or facilitated those practices. FAC ¶¶ 1–3, 9, 19, 97, 107, 110, 117. That is not enough.

To state a municipal-liability claim, a plaintiff must allege facts showing that a municipal policy, custom, or practice was the moving force behind the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In *Dougherty v. City of Covina*, the Ninth Circuit affirmed dismissal where the plaintiff alleged only that the city's "policies and/or customs" caused the violation and were the "moving force" behind it, holding that such allegations lacked factual content showing a specific custom or practice and how it caused the deprivation. 654 F.3d 892, 900–01 (9th Cir. 2011).

The FAC here is no better. It repeatedly labels the alleged conduct a "historical policy and practice" and a "continuing custom, policy, and practice." FAC ¶¶ 1–3, 107, 110, 117. But it does not identify any written policy authorizing the alleged conduct. It does not identify any specific decision by a Sheriff Defendant directing that male officers engage in prolonged viewing, transport inmates in the alleged manner, or force inmates to disrobe under the alleged circumstances. *Id.* ¶¶ 10–13, 97. It does not allege any facts showing when any policymaker learned of the specific conduct, what response was taken (or not taken), or how any failure to act rose to deliberate indifference.

Critically, the FAC is descriptive of alleged incidents but is not structural in its allegations. While it recounts interactions between individual detainees and line-level staff (*see* FAC ¶¶ 28–79), it does not plead facts showing how those incidents are connected to any actual municipal policy, custom, or decision by a final policymaker. The repeated invocation of a "historical policy and practice" (FAC ¶¶ 1–3, 82–87) is therefore a legal conclusion—not a factual allegation entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678.

The FAC does not allege facts establishing any recognized basis for

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

10

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

municipal liability: it identifies no formal policy, no longstanding practice so widespread as to constitute a custom, no ratification by a final policymaker, and no deliberate indifference through failure to train or supervise. *See Monell*, 436 U.S. at 694; *Dougherty*, 654 F.3d at 900–01. Instead, it relies on conclusory assertions that such a policy exists. FAC ¶¶ 9, 82–87, 95–115.

The FAC's attempt to invoke PREA does not cure that defect. Alleging noncompliance with PREA standards does not itself establish a municipal policy or custom under § 1983. The FAC still must plead facts tying the County or LASD to a policy or custom causing a constitutional violation. *See Dougherty*, 654 F.3d at 900–01. It does not.

The same is true of supervisory liability. The FAC alleges that the Sheriff Defendants were "policy makers," that Padilla was a PREA Compliance Manager, and that supervisory Doe defendants were responsible for "training, supervision, control, assignment and discipline" and for "formulation, promulgation, adoption, application, administration and enforcement" of policies and practices. FAC ¶¶ 10–14, 19. But generalized allegations of responsibility by virtue of rank or title are insufficient. Supervisory liability under § 1983 requires personal involvement or a sufficient causal connection to the constitutional violation; it cannot rest on *respondeat superior*. *See Dougherty*, 654 F.3d at 900–01.

The FAC identifies specific alleged misconduct by some Employee Defendants—*e.g.*, Padilla and Nelson as to Thalacher, FAC ¶ 28; Padilla and Nelson as to Avila, FAC ¶ 29; Jones as to Julissa Diaz, FAC ¶ 37; Nelson as to Maria Diaz, FAC ¶ 38; Rivas as to Esquivel, FAC ¶ 41. But those Plaintiff-specific allegations only underscore the absence of comparable factual allegations tying the County, LASD, or the Sheriff Defendants to actionable conduct. The FAC impermissibly attempts to bootstrap employee-specific allegations into sweeping municipal and supervisory liability without the requisite factual underpinning. That is precisely what Rule 12(b)(6) forbids.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

11

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Accordingly, Counts One, Two, and Three should be dismissed as to the Municipal Defendants, the Sheriff Defendants, and the supervisory Doe defendants.

### C.      The Court Should Dismiss the Claims Against the Sheriff Defendants in Both Their Individual and Official Capacities

The FAC names Sheriffs Luna, Villanueva, McDonnell, and Baca in both official and individual capacities. FAC ¶¶ 10–13. But the FAC alleges only that each "was and is a policy maker for the LASD." *Id.* It contains no Plaintiff-specific allegation that any of them personally viewed, touched, escorted, threatened, intimidated, or retaliated against any plaintiff. FAC ¶¶ 28–79, 95–115.

The allegations therefore are insufficient to plead individual-capacity liability. Section 1983 does not impose liability based on title or office alone. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[d]efendant must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights"). The FAC's effort to sue these defendants personally is therefore a paradigmatic example of impermissible supervisory-liability pleading. *See Dougherty*, 654 F.3d at 900–01.

Moreover, the official-capacity claims against the Sheriff Defendants are duplicative of the claims against the County and LASD. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Luke v. Abbott*, 954 F. Supp. 202, 202–04 (C.D. Cal. 1997) (dismissing officer sued in his official capacity as "redundant" and holding that "the proper Monell defendant in a civil rights case is the local government entity, and not the local government officer sued in [his] official capacity on behalf of the local government entity"). Where the entity is named, official-capacity claims against others are redundant and may be dismissed. As to the Sheriff Defendants, the Court should dismiss the individual-capacity claims as insufficient and the official-capacity claims against them as duplicative.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

12

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## D.      The Court Should Dismiss Counts Four Through Seven for Failure to Plead Government Claims Act Compliance

State-law claims against public entities and employees are subject to the Government Claims Act. A plaintiff must allege facts demonstrating or excusing compliance with the claim-presentation requirement. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) (providing that "no suit for money or damages may be brought" until a written claim has been presented and acted upon (quoting Cal. Gov't Code § 945.4)). The Act imposes a multi-step process requiring timely presentation of a written claim, action or rejection by the public entity, and only then the filing of suit. *See* Cal. Gov't Code §§ 910, 911.2, 912.4, 945.6. Each step is a condition precedent to suit as to each claimant, and failure to comply bars the claim. *See Bodde*, 32 Cal. 4th at 1239–40.

Federal courts routinely dismiss state-law claims where the complaint does not sufficiently allege compliance. *See, e.g.*, *Anderson v. Ferguson*, No. 21-cv-09484-JCS, 2022 WL 767191, at *4 (N.D. Cal. Mar. 14, 2022) (granting motion to dismiss state law claims where plaintiff failed to adequately plead Government Claims Act compliance); *Bratt v. Carlsbad Police Dep't,* No. 24-cv-1295-JLS-BLM, 2024 WL 3883508, at *3 (S.D. Cal. Aug. 19, 2024) (same).

Here, the FAC contains only two allegations bearing on Government Claims Act compliance. Paragraph 81 alleges that "Plaintiffs herein have filed government tort claims for state law claims set forth herein pursuant to Government Code § 910 et seq., each of which have, as of the filing of this Complaint, been denied expressly or by operation of law." FAC ¶ 81. Paragraph 109 then alleges that Plaintiffs "have previously filed a Govt. Code § 910 claim for damages against Defendants for the matters set forth in this complaint, thereby making it unnecessary for the newly added named Plaintiffs to file individual § 910 claims." *Id.* ¶ 109.

These allegations are deficient for at least three reasons. First, they are conclusory. The FAC does not identify when any claims were presented, by whom,

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

13

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

as to which claimants, to which public entities, when any claim was rejected, or whether suit was filed within the statutory period after rejection. *See id.* ¶¶ 81, 109. That is especially problematic here because the FAC includes numerous Plaintiffs, some formerly incarcerated and some currently incarcerated, whose custody dates and claim accrual dates vary dramatically (when pled at all). *See id.* ¶¶ 28–79.

Second, paragraph 109 is legally problematic on its face. It asserts that prior section 910 claim presentation by some Plaintiffs made it "unnecessary for the newly added named Plaintiffs to file individual § 910 claims." *Id.* ¶ 109. But the Government Claims Act ordinarily requires each claimant to timely present a claim or otherwise establish a valid basis for excuse. *Bodde*, 32 Cal. 4th at 1239.

Third, the FAC's bare assertion that claims were denied "expressly or by operation of law" is precisely the sort of pleading-by-conclusion courts reject. *See Bratt*, 2024 WL 3883508, at *3. "Because compliance [with the Government Claims Act] is an actual element of the plaintiff's cause of action, the plaintiff's complaint must allege facts demonstrating or excusing compliance with the claim presentation requirement." *Gomez v. De La Torre*, No. 23-CV-2026-WQH-DDL, 2026 WL 241994, at *6 (S.D. Cal. Jan. 29, 2026) (internal quotation marks and citations omitted) (granting motion to dismiss); *see also McDaniel v. Diaz*, No. 120CV00856NONESAB, 2020 WL 7425348, at *28 (E.D. Cal. Dec. 18, 2020), *amended*, No. 120CV00856NONESAB, 2021 WL 39656 (E.D. Cal. Jan. 5, 2021) (dismissing state law claims for failure to allege compliance with Government Claims Act). Plaintiffs' threadbare allegations fail to do this. Counts Four, Five, Six, and Seven should therefore be dismissed.

**E.** **The Court Should Dismiss Counts Four Through Seven Against the Municipal Defendants Under Government Code Section 844.6**

Independent of the pleading defect under the Government Claims Act, the state-law damages claims against the Municipal Defendants are barred by Government Code section 844.6, which immunizes public entities from liability for

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

14

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

"[a]n injury to any prisoner," subject to limited exceptions not applicable here. Cal. Gov't Code § 844.6(a)(2); *see Sahley v. San Diego County*, 69 Cal. App. 3d 347, 349 (1977) (preconviction detainee was a "prisoner," and was therefore not entitled to recover from county for injuries suffered at county jail).

Federal courts applying California law have held that this immunity bars state-law claims by prisoners and pretrial detainees challenging conditions of confinement and related custodial conduct. *See Vuz v. Dcss III, Inc.*, No. 3:20-cv-00246-GPC-AGS, 2020 WL 4366023, at *17 (S.D. Cal. July 30, 2020) (granting motion to dismiss where Cal. Gov't Code § 844.6 "plainly" barred suit against public entity for injury to prisoner). The FAC expressly alleges that the representative plaintiffs are "former and current female pretrial detainees" and that all plaintiffs "are and have been in LASD custody." FAC ¶¶ 7–8, 85, 87. The FAC further alleges that Plaintiffs' injuries arose while they were incarcerated and taking showers or being transported to and from showers in CRDF housing units. *Id.* ¶¶ 21–24, 86, 97, 104, 107, 110, 117.

Because these allegations place these claims squarely within section 844.6, Counts Four, Five, Six, and Seven should be dismissed as against the County and LASD.

## F.    The Court Should Dismiss Counts Two (Federal Law) and Six (State Law) for Failure to State an Equal Protection Claim

The Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1; Cal. Const. art. I, § 7 ("A person may not be ... denied equal protection of the laws."). "The equal protection analysis under the California Constitution is 'substantially similar' to analysis under the federal Equal Protection Clause." *Olson v. California*, 104 F.4th 66, 76 (9th Cir. 2024) (citations omitted). To state an equal protection claim, a plaintiff generally must "show that the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

15

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted); *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1022 (9th Cir. 2020); *see Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show differential treatment from others in the relevant class); *Fuller v. Kamara*, No. 24-cv-1935-TWR-VET, 2025 WL 419131, at *7 (S.D. Cal. Feb. 6, 2025) (dismissing equal protection claim where the plaintiff did not explain how similarly situated individuals were treated differently or allege facts indicating intentional discrimination). Because the FAC alleges gender-based discrimination, intermediate scrutiny applies, requiring Plaintiffs to plead not only differential treatment and intent to discriminate, but also that the challenged practice lacks a substantial relationship to an important governmental objective. *See Harrison v. Kernan*, 971 F.3d 1069, 1078–80 (9th Cir. 2020).

The FAC's Equal Protection claim rests on a single, conclusory allegation that male inmates are not subjected to similar cross-gender observation. *See* FAC ¶ 101. It does not plead facts describing how male facilities are staffed, whether female officers observe male inmates in comparable circumstances, how male inmates are escorted to shower facilities, or any other facts necessary to establish that male inmates are similarly situated to Plaintiffs. The FAC's "'[t]hreadbare recital' that another class is similarly situated will not suffice to survive a motion to dismiss[.]" *Olson*, 104 F.4th at 77. Nor does the FAC allege facts supporting an inference that any Defendant acted with discriminatory intent, as opposed to operational or custodial considerations. *See Thornton*, 425 F.3d at 1167.

That is insufficient. Count Two should be dismissed. The same reasoning independently supports dismissal of Count Six under the California Constitution, which simply alleges "[t]he unequal treatment of men and women" violated Article I, section 7. FAC ¶ 112. It pleads no more factual content than Count Two.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

16
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**G.**    **The Court Should Dismiss Count Three for Failure to Plead a Cognizable Eighth Amendment Claim**

The FAC's Eighth Amendment claim is defective in two independent respects. First, the FAC does not identify which Plaintiffs are convicted prisoners. The FAC expressly alleges that the representative Plaintiffs are "former and current female pretrial detainees." FAC ¶ 87. Yet, Count Three alleges only that "some Plaintiffs and class members may be convicted prisoners at certain times relevant." *Id.* ¶ 104. The FAC does not identify a single Plaintiff who actually was a convicted prisoner during the relevant period. *Id.* That omission is critical because conditions-of-confinement claims by pretrial detainees arise under the Fourteenth Amendment, and may not be brought under the Eighth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). A pleading that identifies the Plaintiffs as pretrial detainees and then speculates that "some" "may" have been convicted prisoners does not plausibly state an Eighth Amendment claim.

Second, claims will rise to the level of an Eighth Amendment violation "only" when plaintiffs allege "the unnecessary and wanton infliction of pain" constituting "cruel and unusual punishment." *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted)). Here, the shower-viewing allegations, while potentially implicating privacy theories under the Fourth or Fourteenth Amendments, do not state an Eighth Amendment claim as pleaded. *Compare* FAC ¶¶ 21–24, 97, 104, 117, *with Somers*, 109 F.3d at 624 (holding that non-contact visual observation while showering—even combined with gawking, pointing, and joking—generally does not violate the Eighth Amendment; "To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); *see also Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (exposure of genitalia did not rise to level of Eighth Amendment violation); *Morris v. CDCR*, No. CV 16-4720-DMG-

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

17

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

AS, 2017 WL 2494654, at *3–4 (C.D. Cal. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 2494662 (C.D. Cal. May 3, 2017) (collecting cases).

The transport allegations also fail to rise to the level of Eighth Amendment violations as pled. *See Watison v. Carter*, 668 F.3d 1108, 1112–14 (9th Cir. 2012) (affirming dismissal of Eighth Amendment claim involving alleged brief sexual touching); *Johnson v. Carroll*, No. 2:08-cv-1494-KJN, 2012 WL 2069561, at *29 (E.D. Cal. June 7, 2012), *report and recommendation adopted*, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012) ("[C]laims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable [under the Eighth Amendment], particularly if the alleged touching occurred pursuant to an authorized search."). Moreover, the FAC is insufficient because it does not identify which defendants allegedly committed those acts against which plaintiffs, whether the acts occurred during authorized escort or search activities, or their duration.

Thus, Count Three should be dismissed on these bases.

**H.    The Court Should Dismiss Count Seven Because California Penal Code Section 2644 Does Not Create a Private Right of Action**

Count Seven, styled "Violation of Mandatory Duties," is asserted against the County and LASD only and is based on Penal Code section 2644. FAC ¶¶ 114–115. This claim fails as a matter of law because California criminal statutes do not create private rights of action absent legislative intent.

In *Roberson v. W. Progressive, LLC*, this Court explained that "under California law, a statute may create a private right of action only where the California Legislature intended to create one," and if the Legislature expressed no such intent, "there is no private right of action." No. 2:23-cv-07217-SVW-JPR, 2024 WL 661171, at *2 (C.D. Cal. Feb. 1, 2024) (internal quotation marks and citations omitted); *accord Harper v. Cisneros*, No. 1:22-cv-00290-SAB-PC, 2022 WL 1205427, at *1 (E.D. Cal. Mar. 25, 2022) (holding the Penal Code is a criminal

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

18

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

statute that "does not provide for a private right of action").

The FAC alleges no statutory language in section 2644 creating a civil remedy. *See* FAC ¶¶ 114–115. Nor does it cite any case recognizing such a claim. *Id.* Count Seven should therefore be dismissed without leave to amend.

**I.    The Court Should Dismiss the Requests for Injunctive Relief as to Formerly Incarcerated Plaintiffs and Narrow Them as to the Remaining Plaintiffs**

The FAC seeks injunctive relief on behalf of currently incarcerated plaintiffs and class members. *Id.* ¶¶ 4, 99, 102, 105, 116–118. But numerous named Plaintiffs are expressly alleged to be no longer incarcerated at CRDF, including Thalacher, Costello, Maria Diaz, Espinoza, Farfan, Fossett, Gonzalez, Morales, Parker, and Villa. FAC ¶¶ 7, 28, 36, 38, 40, 42, 43, 47, 59, 63, 78.

Where an inmate is released or transferred and there is no reasonable expectation that she will again be subjected to the challenged conditions, a claim for injunctive relief is moot. *See Elmore v. Singh*, No. C98-0627-TEH-PR, 1998 WL 328617, at *1 (N.D. Cal. June 15, 1998); *Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir. 1995). Thus, at a minimum, the Court should dismiss the requests for injunctive relief as to Plaintiffs whom the FAC itself alleges are no longer incarcerated at CRDF.

The injunction requests are also substantively overbroad. Plaintiffs seek, among other relief, a permanent injunction prohibiting male officers from transporting female inmates to and from showers and an injunction to "enforce" Penal Code section 2644. FAC ¶ 4. Those requests go well beyond the Plaintiff-specific allegations in the FAC, many of which do not identify the transporting officer, the module, or the circumstances, and Count Seven itself fails as a matter of law. *See* FAC ¶¶ 23, 114–115. The equitable-relief allegations should therefore be narrowed even as to currently incarcerated Plaintiffs.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

19

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**J.      The FAC's Timeliness Allegations Are Insufficient to Evaluate Timeliness, Particularly as to the Formerly Incarcerated Plaintiffs**

The FAC alleges claims spanning from "as early as 2006" to the filing of the FAC in January 2026. FAC ¶¶ 20, 28, 82. The statute of limitations for section 1983 claims in California is generally two years, subject to limited tolling. Cal. Code of Civ. Proc. § 352.1(a); *see Ndandu v. Alvarado*, No. 2:23-cv-08882-SB-ADS, 2025 WL 1093801, at *1 (C.D. Cal. Feb. 20, 2025) ("California law tolls the statute of limitations for incarcerated prisoners for up to two years of their incarceration[,] effectively four years to bring a Section 1983 claim."). The same two-year period applies to Bane Act claims predicated on Section 1983 allegations. *See Swadener v. California*, No. 24-cv-00283-DMS-MSB, 2025 WL 1095377, at *3 (S.D. Cal. Mar. 3, 2025).

The FAC gives dates of incarceration for the named plaintiffs, but it often does not allege when the last actionable conduct occurred, especially for former inmates. *See* FAC ¶¶ 28–79. Thalacher, for example, is alleged to have been incarcerated "in or around March of 2006" and subjected to misconduct "since March of 2006" on multiple occasions, but the FAC does not identify when she was last subjected to the challenged conduct. *See id.* ¶ 28. Similar issues arise as to other formerly incarcerated plaintiffs. *See id.* ¶¶ 36, 38, 40, 42, 43, 47, 59, 63, 78. Plaintiffs may invoke the continuing violations doctrine, but the FAC's present allegations are too vague to permit meaningful timeliness analysis. *See Swadener*, 2025 WL 1095377, at *2. At minimum, the Court should require Plaintiffs to replead with dates and accrual facts sufficient to evaluate timeliness.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the First Amended Complaint in whole or, at minimum, order the following relief:

(1) dismiss the FAC, or, alternatively, dismiss claims against defendants not

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

tied to specific conduct, on the ground that the FAC relies on impermissible group pleading and fails to differentiate among defendants;

(2) dismiss Counts One, Two, and Three as against the Municipal Defendants, Sheriff Defendants, and the supervisory Doe defendants for failure to plausibly allege municipal or supervisory liability;

(3) dismiss the individual-capacity claims against the Sheriff Defendants, and dismiss the official-capacity claims against them as duplicative of the claims against the County and LASD;

(4) limit the individual-capacity claims against the Employee Defendants to those Plaintiffs who allege specific conduct by those Defendants;

(5) dismiss Counts Four through Seven in their entirety for failure to adequately plead compliance with the Government Claims Act;

(6) dismiss Counts Four through Seven as against the Municipal Defendants as barred by Government Code section 844.6;

(7) dismiss Counts Two and Six for failure to state a plausible Equal Protection claim;

(8) dismiss Count Three for failure to identify any Plaintiff who can assert an Eighth Amendment claim and for failure to plead facts establishing such a claim;

(9) dismiss Count Seven without leave to amend because California Penal Code section 2644 does not create a private right of action;

(10) dismiss the requests for injunctive relief as to Plaintiffs no longer incarcerated at CRDF and narrow those requests as to any remaining plaintiffs; and

(11) order that Plaintiffs replead any surviving claims with sufficient factual specificity, including allegations necessary to evaluate timeliness.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

21

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

DATED:  March 19, 2026          KENDALL BRILL & KELLY LLP


By: _Cassie D. Palmer_____
Cassie D. Palmer
Emma Tehrani
Attorneys for Defendants County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Robert Luna; Sheriff Alex Villanueva; Sheriff Jim McDonnell; Sheriff Lee Baca; and Cesar Rivas Jr.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

22

# CERTIFICATE OF COMPLIANCE

## Pursuant to Local Rule 11-6-2

I Cassie D. Palmer, counsel of record for Defendants County of Los Angeles; Los Angeles County Sheriff's Department, Sheriff Robert, Luna; Sheriff Alex Villanueva, Sheriff, Jim McDonnell, Sheriff Lee Baca, and Cesar Rivas Jr., certifies that this brief contains 6718 words, which complies with the word limit of L.R. 11-6-1.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of March, 2026, at Los Angeles, California.

_____
Cassie D. Palmer

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

23

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT