Tomas A. Guterres, Esq. (State Bar No. 152729)
Chandler A. Parker, Esq. (State Bar No. 277902)
Robert F. Gookin, Esq. (State Bar No. 251601)
**COLLINS + COLLINS LLP**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA 91101**
**(626) 243-1100 – FAX (626) 243-1111**
**Email: tguterres@ccllp.law**
**Email: cparker@ccllp.law**

Attorneys for Defendants
TRAVIS NELSON and ROBERT "BOBBY" JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DAWN THALACHER, BRIANNA AVILA, XOCHIKETZALL BAEZ , DEONA BRAGGS, DESIREE BORJON, JADE BROOKFIELD, MELISSA CARILLO, JENNAH CHLACH, JESSICA COSTELLO, JULISSA DIAZ, MARIA DIAZ, SHANICE DYER, BRIANNA ESPINOZA, VALERIA ESQUIVEL, ESPERANZA FARFAN, DESIREE FOSSETT, RAVEN GALOIA, BRIANNA GARCIA, DESIREE GARCIA, SANDY GONZALEZ, KAMIESHA HAGGENS, JASMINE IBARRA, ASHLEY JENKINS, HEATHER JOHNSON, CACHETT LINZY, STEPHANIE LOERA, BRENDA LOPEZ, MAVIS MANUFEKAI, ELSA MARTINEZ, KIANDRA MITCHELL, ALEASHA MOODY, GLORIA MORALES, HEATHER MULKEY, WENDY OLVERA, DIANA ONTIVEROS, HEAVEN PARKER, ZUSSETH | CASE NO. 2:25-cv-10318-SVW-SK *[Assigned to Hon. Stephen V. Wilson in Courtroom 10A]* **DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' JOINDER IN DEFENDANTS, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, SHERIFF ALEX VILLANUEVA, SHERIFF JIM MCDONNELL; SHERIFF LEE BACA; AND CESAR RIVAS JR.'S, MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 31] AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** **Judge:  Hon. Stephen V. Wilson** **Date:    April 27, 2026** **Time:   1:30 p.m.** **Crtrm: 10A** |

*28558*

1

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

PENA, BRITTANY POWELL, ANGELICA QUINONES, MELINDA QUIROZ, JESICA RIOS, MYKIERA ROWLES, CELENA RUIZ, KIMBERLY SALAZAR, ALINA SAVADIAN, RUDIE SIERRA, MARIA SORIANO, OPHELIA TIMMONS, GABRIELLA TOVAR, GRACE VELASQUEZ, VIRGINIA VELOZ, CLAUDIA VALENCIA, FELICIA VILLA, AND CHARLOTTE WHERRY, individually and as class representatives,

                Plaintiffs,

    vs.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, individually, and in his official capacity; SHERIFF ALEX VILLANUEVA, individually, and in his official capacity; SHERIFF JIM MCDONNELL, individually, and in his official capacity; SHERIFF LEE BACA, individually, and in his official capacity; JORGE PADILLA, individually, and in his official capacity; TRAVIS NELSON, individually, and in his official capacity; DEPUTY JONES, individually, and in his official capacity; CESAR RIVAS JR., individually, and in his official capacity, and DOES 1 through 10, inclusive,

                Defendants.

Complaint Filed: 10/27/2025
Trial Date:      None

///

///

28558

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

2

DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER

# NOTICE OF JOINDER IN MOTION TO DISMISS AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that **DEFENDANTS TRAVIS NELSON** ("Nelson") and **ROBERT "BOBBY" JONES** ("Jones") hereby join the Notice of Motion and Motion to Dismiss the First Amended Complaint filed by Defendants County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Robert Luna; Sheriff Alex Villanueva; Sheriff Jim McDonnell; Sheriff Lee Baca; and Cesar Rivas Jr. [Dkt. 31], in its entirety, and move additionally to dismiss based on the arguments noted below, which will be heard on **April 27, 2026**, at **1:30 p.m.**, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stephen V. Wilson, located at **350 West 1st Street, Courtroom 10A, Los Angeles, California 90012.**

Nelson and Jones seek dismissal of the operative First Amended Complaint ("FAC") with prejudice under Rule 12(b)(6) on all of the grounds set forth in the Motion to Dismiss, including impermissible group pleading, failure to plead Monell or supervisory liability, defects in the state-law claims, failure to state Equal Protection and Eighth Amendment claims, lack of a private right under Penal Code section 2644, overbroad/moot injunctive requests, and timeliness deficiencies.

Independently and in addition to the foregoing, the Court should limit or dismiss the individual-capacity claims against Nelson and Jones to the extent the FAC does not identify which plaintiff(s) asserts which claim(s) based on concrete, plaintiff-specific allegations of wrongful conduct by them as individuals. While the FAC advances sweeping, class wide allegations predicated on purported "historical policies," it relies on undifferentiated, conclusory assertions as to Nelson and Jones, merely (a) listing them in the case caption and in boilerplate party paragraphs, and (b) alleging sporadic, vague references by certain Plaintiffs and not others, which are devoid of dates, specific conduct, or circumstances. Accordingly, the FAC fails to

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

28558

3

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

plausibly allege their personal participation in the wrongful conduct and fails to provide fair notice, as required by Federal Rule of Civil Procedure 8, and the individual capacity claims against Nelson and Jones must be dismissed.

The Joinder is based on this Notice, the Memorandum of Points and Authorities, the papers and pleading filed in this action, and upon such matters as may be presented to the Court at the time of the hearing.

DATED:  March 20, 2026    COLLINS + COLLINS LLP

By: _____
  ROBERT F. GOOKIN
  CHANDLER A. PARKER
  TOMAS A. GUTERRES
  Attorneys for Defendants
  TRAVIS NELSON and ROBERT
  "BOBBY" JONES

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

28558

4

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND JOINDER.

Defendants Travis Nelson ("Nelson") and Robert "Bobby" Jones ("Jones") adopt and incorporate by reference the Moving Defendants' motion to dismiss and memorandum of points and authorities [ECF No. 31] in their entirety, including all arguments, authorities, and requests for relief. The Moving Defendants' motion details the FAC's pervasive reliance on undifferentiated group pleading and its failure to tie defendants to specific actionable conduct in the operative counts,

While the FAC advances sweeping, class wide allegations against "All Defendants" predicated on purported "historical policies," it relies on vague, undifferentiated, and conclusory assertions as to Nelson and Jones, merely (a) listing them in the case caption and in boilerplate party paragraphs, and (b) alleging vague references by certain Plaintiffs that Nelson and/or Jones were "[k]nown male corrections officers who have committed these acts," without providing any dates, times, specific conduct, or circumstances. Accordingly, the FAC fails to provide fair notice to these defendants and fails to plausibly allege their personal participation in any wrongful conduct.

Accordingly, Plaintiffs' FAC should be dismissed with prejudice, or the Court should order Plaintiffs to file an amended complaint that provides Nelson and Jones with fair notice of the claims against them, including which Plaintiffs are alleging wrongful conduct against which individual deputy and the date(s), location(s), specific act(s), and capacity in which that deputy allegedly acted.

## II.   RELEVANT ALLEGATIONS AS TO NELSON AND JONES.

The FAC contains barebones allegations against Nelson and Jones which fail to provide them with fair notice of their allegedly wrongful conduct or the capacity in which they are alleged to have acted.

///

///

28558

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

- The FAC names Nelson and Jones as individual defendants, alleging each is a sworn deputy and was assigned to monitor inmates in CRDF modules; both are sued in their individual and official capacities. FAC, ¶¶ 15-16.

- The FAC alleges, generally, that a "long standing policy" involved male officers' viewing nude female inmates in shower areas and escort practices at CRDF's general population, high power, and administrative segregation modules. FAC, ¶¶ 1-3, 23.

- As to Nelson, the FAC identifies him in connection with certain Plaintiffs, but not others, and those allegations do not include dates, times, or specific acts beyond conclusory references to the general practices described earlier. *See* FAC, ¶¶ 28, 29, 38, 39, 42-44, 46, 48, 50, 61, 66, 68, 70-72, 75-77, and 79.

- Only 3 out of 53 Plaintiffs identify Jones as having engaged in wrongful conduct; those allegations do not include dates, times, or specific acts beyond conclusory references to the general practices described earlier. FAC, ¶¶ 37, 61, 67.

## III.    LEGAL STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. *Id.* at 555. Federal Rule of Civil Procedure Rule 8 ("FRCP 8") requires plaintiff to plead sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks

28558

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

6

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

omitted). Where a plaintiff fails to plead facts that, taken as true, state a plausible claim, dismissal is required. *Id.* at 679.

## IV.   ARGUMENT.

### A.   The Court Should Dismiss or Limit the Individual Capacity Claims Against Nelson and Jones That Fail to Provide them with Fair Notice.

FRCP 8 requires that a complaint give each defendant fair notice of the claims asserted against him and the grounds upon which they rest. *Twombly,* 550 U.S. at 555. It further requires that the complaint provide sufficient facts to state a cause of action against those defendants that are plausible on their face. *Id*. at 570.

Here, Nelson and Jones are sued in both their individual and professional capacities, but the FAC merely alleges that "Defendants, and each of them" engaged in all challenged conduct, without any factual allegations plausibly tying Nelson or Jones to a particular plaintiff's alleged injury. They cannot be forced to defend the entire FAC, including claims by plaintiffs who do not attribute any conduct to them, based on the generic assertion that "Defendants, and each of them," committed all acts. FAC ¶¶ 97, 101–105, 107–115.

At minimum, the Court should dismiss the individual capacity claims against Nelson and Jones except to the extent a plaintiff-specific paragraph or other concrete allegation plausibly ties them to that specific plaintiff's alleged injury.

### B.   At Minimum, The Court Should Order Plaintiffs to Replead with Plaintiff-By-Defendant Specificity.

Should the Court allow any claims to proceed, it should direct Plaintiffs to file an amended complaint that, for each named plaintiff asserting a personal-capacity claim against Nelson or Jones, clearly pleads: (a) which claim(s) that plaintiff asserts against that deputy; and (b) the factual basis tying that deputy to that plaintiff's alleged injury, in a manner that avoids generic "Defendants, and each of them" formulations.

*28558*

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

## V. CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against Deputies Nelson and Jones under Rule 12(b)(6). Dismissal should be with prejudice. In the alternative, the Court should dismiss the injunctive and official-capacity claims, dismiss the equal protection and Eighth Amendment counts as to these deputies, strike or dismiss state-law claims as to these deputies, and order a more definite statement as to the individual-capacity claims.

DATED:  March 20, 2026                COLLINS + COLLINS LLP

By: _____
ROBERT F. GOOKIN
CHANDLER A. PARKER
TOMAS A. GUTERRES
Attorneys for Defendants
TRAVIS NELSON and ROBERT "BOBBY" JONES

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

28558

8

DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,           )
                              )  ss.
County of Los Angeles.        )

I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' JOINDER IN DEFENDANTS, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, SHERIFF ALEX VILLANUEVA, SHERIFF JIM MCDONNELL; SHERIFF LEE BACA; AND CESAR RIVAS JR.'S, MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 31] AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on March 20, 2026 at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

-----------------------------------------------------------------------------------
Alexa Mila
amila@ccllp.law

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

28558

9

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**

**DAWN THALACHER V. COUNTY OF LOS ANGELES**
Case Number: 2:25-cv-10318-SVW-SK
CCLLP File Number: 28558

## SERVICE LIST

Brian T. Dunn
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
T: (323) 435-8205
bdunn@cochranfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Leslie Ann Boyce
THE LAW OFFICES OF LESLIE ANN BOYCE
1505 4th Street, Suite 208
Santa Monica, CA 90401
T: (310) 334-9044
leslieannboyce@aya.yale.edu
**ATTORNEYS FOR PLAINTIFFS**

Cassie D. Palmer
Emma M. Tehrani
KENDALL BRILL & KELLY, LLP
10100 Santa Monica Blvd., Ste 2500
Los Angeles, CA  90067
T: (310) 272-2700 - F: (310) 556-2705
cpalmer@kbkfirm.com
etehrani@kbkfirm.com
**ATTORNEYS FOR DEFENDANTS, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF ROBERT LUNA, SHERIFF ALEX VILLANUEVA, SHERIFF LEE BACA, CESAR RIVAS, JORGE PADILLA**

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

28558

10

**DEFENDANTS TRAVIS NELSON AND DEPUTY JONES' MOTION TO DISMISS AND JOINDER**